UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PASCALE SERVICE CORP.,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL TRUCK AND ENGINE CORPORATION and COASTAL INTERNATIONAL TRUCKS, LLC,<br><br>Defendants. | Civil Action No.<br><br>CA 07 247 S |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant International Truck and Engine Corporation ("ITEC"), by its attorneys, Cetrulo & Capone LLP, with the assent of its co-defendant, hereby notices the removal to this Court of case no. 07-3159, from the Superior Court of the State of Rhode Island (the "Rhode Island Superior Court") on the following grounds:

1. On or about June 20, 2007, Plaintiff Pascale Service Corp. ("Pascale") commenced this action by way of a Verified Complaint and Request for Restraining Order (the "Complaint") in Rhode Island Superior Court seeking damages and equitable relief to prevent the termination of its relationship with ITEC.

2. Upon information and belief and as alleged in its Complaint, Pascale is a citizen of Rhode Island.

3. ITEC is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Illinois.

4. Coastal International Trucks, LLC ("Coastal"), is a procedurally misjoined or fraudulently joined party whose citizenship should be ignored for purposes of determining the existence of diversity of citizenship in this action, pursuant to 28 U.S.C. § 1332. Upon information and belief, Pascale possesses no viable cause of action against Coastal and has named Coastal for the purpose of evading jurisdiction in this Court based on the diversity of citizenship that actually exists between Pascale and ITEC. Count IV of the Complaint, the only count against Coastal, alleges no facts against Coastal, only insufficient legal conclusions. There are no allegations of fact against Coastal elsewhere in the Complaint, save for its place of citizenship, in Rhode Island, which appears in Paragraph 4.

5. At stake in this action is more than $75,000, exclusive of interest and costs.

6. This Notice of Removal is timely filed, well within thirty (30) days after delivery of the Complaint. True copies of all process, pleadings and orders received by the Defendants in connection with the action pending in the Rhode Island Superior Court are attached hereto as Exhibit A.

7. This Court possesses subject matter jurisdiction over this action because there exists complete diversity of citizenship among the parties, within the meaning of 28 U.S.C. §1332.

8. The fact that Coastal resides in Rhode Island does not defeat diversity because it has been procedurally misjoined or fraudulently joined by Pascale.

9. A court may find a wrongful joinder of a local defendant, and uphold the exercise of diversity jurisdiction, where a plaintiff lacks a factual basis for a claim against a local defendant, or even when the plaintiff simply fails to conduct a reasonable investigation. This is

because, for procedural misjoinder purposes, "knowledge may be imputed where one willfully closes his eyes to information within his reach." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185 (1907) (looking beyond the pleadings and upholding a ruling of fraudulent joinder where there was no factual basis for the claim against the non-diverse defendant); *see Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 8 (D. Mass. 2001) (finding misjoinder where "Plaintiffs have virtually no possibility of success [against the local defendant] because they have failed to allege or provide evidence" supporting their theory of liability).

10. This case presents the epitome of a procedural misjoinder or fraudulent joinder of a local defendant because Pascale has not alleged a single *fact* that would support a claim against Coastal, only insufficient legal conclusions. Pascale has failed to allege a basis for, and cannot produce evidence of, a claim against Coastal for tortious interference with contract in Count IV. Pascale possesses no legitimate claim, or even good faith basis for its claim, against Coastal. Pascale seeks no damages from Coastal that it does not seek from ITEC as a matter of alleged primary liability. Pascale does not seek equitable relief against Coastal.

11. The amount-in-dispute satisfies the requirements of § 1332. In the Complaint, Pascale seeks monetary and injunctive relief.

12. Pascale seeks compensatory damages, loss of goodwill, punitive damages, and statutory attorneys' fees.

13. Pascale also seeks a permanent injunction blocking the termination of its relationship with ITEC. If this injunction were granted, the pecuniary consequences to ITEC would exceed $75,000, exclusive of interest and costs. *See Grotzke v. Kurz*, 887 F. Supp. 53 (D.R.I. 1995) (in cases involving claims for equitable relief, "the First Circuit, on a number of occasions, has opined in favor of the 'defendants' viewpoint' approach"). In equitable relief

cases, "[c]ourts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." *Richard C. Young & Co., Ltd. v. Leventhal,* 389 F.3d 1, 3 (1st Cir. 2004) (internal citations omitted).

14. Since in or about 2002, Pascale has failed substantially to meet its parts purchase quota as has been required in its relationship with ITEC.

15. The quota for Pascale's purchase of ITEC parts now exceeds $2 million per year.

16. Since in or about 2002, Pascale has missed its quota by an average of approximately or more than 10% per year, or approximately or more than $200,000 annually.

17. By missing its quota, Pascale has caused and continues to cause ITEC to suffer hundreds of thousands of dollars in lost profits.

18. An injunction blocking the termination of Pascale would effectively prevent ITEC from replacing it with an entity that can and will meet the necessary quotas. Accordingly, the injunction sought by Pascale would likely cost ITEC more than $75,000 in lost profits.

19. In addition, Pascale is likely to seek compensatory damages in excess of $75,000, exclusive of interest and costs. Pascale has been receiving a discount of approximately 20% on parts that it will likely claim can be used as a basis for seeking more than $75,000 in damages, exclusive of interest and costs.

20. In addition, Pascale seeks statutory attorneys' fees and punitive damages. Punitive damages are often sought in an amount equal to, or as a multiple of, compensatory damages.

WHEREFORE, Defendant ITEC hereby removes this action from the Rhode Island Superior Court to the United States District Court for the District of Rhode Island, and

respectfully requests that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in the Rhode Island Superior Court.

Respectfully submitted,

**INTERNATIONAL TRUCK AND ENGINE CORPORATION**

By its attorneys,

Stephen T. Armato, 6395
CETRULO & CAPONE LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670

June 29, 2007

Of counsel:
Barry S. Pollack
Joshua L. Solomon
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800

**CERTIFICATE OF SERVICE**

I, Stephen T. Armato, certify that the foregoing document was served upon Plaintiffs' counsel, and upon all other counsel of record via Hand Delivery this 27 day of June, 2007.

Stephen T. Armato

Mark Morse
Law Office of Mark B. Morse
111 Wayland Ave
Providence, RI 02906
(401) 831-0555

Richard Pierce
Roberts, Carroll, Feldstein & Peirce, Inc.,
Ten Weybosset Street, 8th Floor
Providence, RI 02903
(401) 521-7000