STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, SC.

PASCALE SERVICE CORP.

VS. CA NO. 07- 3159

INTERNATIONAL TRUCK AND ENGINE CORP. and
COASTAL INTERNATIONAL TRUCKS, LLC.

VERIFIED COMPLAINT AND REQUEST FOR RESTRAINING ORDER
ALLEGATIONS APPLICABLE TO ALL COUNTS

1. Plaintiff is a corporation organized and existing pursuant to the laws of the State of Rhode Island with a principal place of business in Pawtucket, Rhode Island.

2. Defendant International Truck and Engine Corp (hereinafter International) is a corporation organized and existing pursuant to the laws of the State of Delaware with a principal place of business in Warrenville, Illinois, and is in the business of the operation, manufacture, management and sale of motor vehicles through franchises throughout the United States including but not limited to the State of Rhode Island.

3. Defendant International does business in the State of Rhode Island and has sufficient minimum contacts in the State of Rhode Island so as to be subject to its jurisdiction.

4. Defendant Coastal International Trucks, LLC. (hereinafter Coastal) is a corporation organized and existing in accordance with the laws of the State of Rhode Island with a principal place of business in Warwick, Rhode Island.

5. On or about August 21, 1972 plaintiff entered into a franchise contract with Defendant International, then doing business as International Harvester whereby, for consideration, Plaintiff agreed to act as a dealer and distributor for Defendants' parts and provide service to Defendant International's vehicles. A copy of the franchise agreement is attached hereto as Exhibit A.

6. On or about April 9, 2007, Defendant International sent a letter to Plaintiff in an attempt to terminate the franchise contract without providing adequate compensation or consideration for the same.

COUNT I
THE RHODE ISLAND FAIR DEALERSHIP ACT

7. Said proposed termination is an unfair method of competition, is without reasonable cause, and is otherwise in violation of RIGL §§6-50-1 et. seq.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2007 JUN 20 A 11:24

8. Said proposed termination is arbitrary, in bad faith and unconscionable in that it is an attempt by Defendant International to resort to an action prejudicial to the Plaintiff by threatening to cancel its franchise contract without just cause in violation of RIGL §§6-50- 4.

WHEREFORE, Plaintiff prays for the following relief:

a. that a preliminary injunction issue until such time as a permanent injunction can issue, and at that time a permanent injunction issue preventing the Defendant International from terminating the dealership;

b. that the Plaintiff be awarded damages as set forth in RIGL §6-50-7 including reasonable attorneys fees, costs, compensatory damages, punitive damages, and other such relief as this Court deems meet and just.

COUNT II
TORTIOUS INTERFERENCE WITH CONTRACT

9. Upon termination of Plaintiff's franchise, Defendant International is obligated to repurchase from Plaintiff all service parts on hand in Plaintiff's business.

10. Prior and subsequent to the notice of termination Plaintiff ordered parts from the Defendant International in order to service existing customer repair contracts, honor warranties, and repair vehicles.

11. Prior to notice of termination, Plaintiff entered into a contract to provide Defendant International's "genuine parts" for vehicles owned by the RI Public Transit Authority. Compliance with the terms of this contract requires that Plaintiff have access to Defendant International's parts.

12. Defendant International's parts will not be available to Plaintiff following the termination of the franchise.

13. Defendant International knew of the existence of Plaintiff's contracts with its customers and notwithstanding the same intentionally interfered with Plaintiff's ability to fulfill its contractual obligations.

14. Defendant International's failure to provide parts required by Plaintiff to honor customer warranties and repair vehicles will cause irreparable harm to Plaintiff.

15. The period in which Defendant International demands that Plaintiff terminate its contract is arbitrary, unreasonable and is demanded in bad faith.

16. Plaintiff will sustain damages, a loss of good will to its business, a loss of profits and shall otherwise incur damages.

WHEREFORE, Plaintiff prays for the following relief:

a. That a preliminary injunction issue until such time as a permanent injunction can issue, and at that time a permanent injunction issue preventing the Defendant International from terminating the dealership;

b. that the Plaintiff be awarded compensatory damages; and

c. reasonable attorneys fees, costs, punitive damages, and other such relief as this Court deems meet and just.

COUNT III
ESTOPPEL

17. From 1959 through the current, Defendant International and its predecessors held out to the public, and to Plaintiff that the Plaintiff was a dealer authorized to engage in warranty work, replace and sell motor vehicle parts manufactured by the Defendant International, and otherwise engage in activities incidental to the sale and servicing of new and used motor vehicles manufactured by Defendant International.

18. As a result of those representations both express and implied, Plaintiff undertook certain obligations with its customers and engaged in long term contracts to service and perform warranty work on its customers' vehicles.

19. Plaintiff incorporates paragraphs eleven through fifteen of Count II as if fully set forth herein.

20. Defendant International through its conduct and representations is estopped from unilaterally terminating its contract with Plaintiff without just cause.

21. As a result, Plaintiff has incurred a loss of income, sustained consequential damages and has otherwise been harmed.

WHEREFORE, Plaintiff prays for the following relief:

a. that a preliminary injunction issue until such time as a permanent injunction can issue, and at that time a permanent injunction issue preventing the Defendant International from terminating the dealership;

b. that the Plaintiff be awarded compensatory damages; and

c. reasonable attorneys fees, costs, punitive damages, and other such relief as this Court deems meet and just.

COUNT IV
TORTIOUS INTERFERENCE WITH CONTRACT: COASTAL

22. Defendant Coastal knew of the existence of the contract between Plaintiff and Defendant International whereby Plaintiff was to be a franchised dealer of Defendant International parts.

23. Notwithstanding its knowledge of the same, Defendant Coastal intentionally interfered with the contractual relationship established between Plaintiff and Defendant International.

24. Said interference by Defendant Coastal was without legitimate cause or business purpose and was otherwise unprivileged.

25. As a result, Plaintiff will sustain damages, a loss of good will to its business, a loss of profits and shall otherwise incur damages.

WHEREFORE, Plaintiff prays for the following relief:

a. That the Plaintiff be awarded compensatory damages; and

b. reasonable attorneys fees, costs, punitive damages, and other such relief as this Court deems meet and just.

Plaintiff demands a trial by jury and designates Mark B. Morse as trial counsel.

I, James Pascale, President of Pascale Service Corporation attests to my authority to act on behalf of the Corporation. I have read the averments contained herein, have personal knowledge of the same, and swear to the truth of the same.

James Pascale, President
PASCALE SERVICE CORPORATION

Subscribed and sworn to in the presence of a Notary Public this 19 day of June, 2007.

NOTARY PUBLIC

PLAINTIFF
By its Attorneys
Law Office of Mark B. Morse

MARK B. MORSE
RI Bar Reg No 3003
111Wayland Avenue
Providence, RI 02906
(401) 831-0555
(fax) 401-273-0937
email: mark@morselawoffice.com