RMP/PAP 2043-1
325932 7/13/07

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PASCALE SERVICE CORP.

VS. C. A. NO. 07-cv-00247-S-DLM

INTERNATIONAL TRUCK AND ENGINE CORP. AND COASTAL INTERNATIONAL TRUCKS, LLC

## MOTION TO DISMISS

Now comes the Defendant, Coastal International Trucks, LLC, and moves for an Order of this Court dismissing Count IV of the Plaintiff's Complaint pursuant to Federal Court Rule of Procedure 12(b)(6) for failure to state a claim upon which relief can be granted for the reasons and upon the authority set forth in the Memorandum of Law filed herewith.

Coastal International Trucks, LLC
By its Attorney,

/s/ Richard M. Peirce

Richard M. Peirce #0564
ROBERTS, CARROLL, FELDSTEIN & PEIRCE INC.
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000 FAX 401-521-1328

**CERTIFICATION**

I, Richard M. Peirce, hereby certify that on July 13, 2007 I served the foregoing motion to dismiss by causing a true and correct copy of the same to be sent by operation of the Court's ECF System to those individuals designated for electronic service by the ECF System in this case and by fist-class mail to the following:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02906 mark@morselawoffice.com

Stephen T. Arnato, Esq.
Cetrulo & Caponte
The Heritage building
321 South Main Street
Providence, RI 02903 sarnato@cetcap.com

Barry S. Pollack, Esq.
Joshua L. Solomon, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109 via First Class Mail

/s/ Richard M. Peirce

Richard M. Peirce

RMP/pap 2043-1
325870 7/13/07

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PASCALE SERVICE CORP.

VS. C. A. NO. 07-cv-00247-S-DLM

INTERNATIONAL TRUCK AND ENGINE CORP. AND COASTAL INTERNATIONAL TRUCKS, LLC

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

This action was commenced by Plaintiff, Pascale Service Corp., in the Rhode Island Superior Court for Providence County. The Defendant International Truck and Engine Corp. promptly removed the case to this court under 28 USC §1332, 1441 and 1446 pursuant to this court's diversity jurisdiction. In support of its removal petition, Defendant International alleges that the Defendant Coastal International Trucks, LLC was fraudulently joined as a party by the Plaintiff to defeat diversity jurisdiction. The Defendant Coastal has filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Plaintiff's factual allegations are insufficient to set forth a claim upon which relief can be granted.

**THE PLAINTIFF'S FACTUAL ALLEGATIONS**

The Plaintiff Pascale entered into an agreement with International which Pascale characterizes as a franchise agreement. *Complaint ¶ 5.* The agreement at issue is attached to the Plaintiff's complaint as Exhibit One. The agreement is titled "International Harvester Service Parts Dealer Sales Agreement (the "Agreement"). The purpose of the Agreement "is to govern the relations between the Dealer [Pascale] and the Company [International] in

promoting the sales of the Service Parts covered by this agreement, in their purchase and sales by the dealer." *Agreement ¶ 1.*

Plaintiff contends that it entered into this "franchise contract" on about August 21, 1972 and since then has acted "as a dealer and distributor for Defendant's [International's] parts and provide[s] service to Defendant International's vehicles." *Complaint ¶ 5.* The Plaintiff contends that in April of 2007 International "sent a letter to Plaintiff in an attempt to terminate the franchise contract." *Complaint ¶ 6.* The sole factual allegation in the first six paragraphs of the Plaintiff's Complaint related to Coastal reads: "The Defendant Coastal International Trucks, LLC (hereinafter "Coastal") is a corporation organized and existing in accordance with the laws of the State of Rohde Island with a principal place of business in Warwick, Rhode Island."[1] *Complaint ¶ 4.*

The subsequent paragraphs 7-21 of the Complaint make up three separate Counts, all of which are directed to the Defendant International and never even refer to Coastal in any way. Count IV of the Complaint is captioned "Tortious Interference with Contract: Coastal." Count IV has four paragraphs which do nothing more than set out the four elements of a claim of tortious interference with contract as laid out by the Rhode Island Supreme Court in *Smith Development Corp. v. Bilow Enterprises, Inc.*, 308 A.2d 477, 482 (R.I. 1973). Neither in Count IV nor anywhere else in the Complaint does the Plaintiff set forth a factual predicate for the tortious interference claim—not even a single factual allegation upon which such a claim could rest. The Complaint does not even allege what relationship if any exists between International and Coastal or between Coastal and Plaintiff. The legal conclusions set

---

[1] The inadequacy of the Plaintiff's pleading is further evidenced by the reference to Coastal as a Rhode Island corporation when its name demonstrates that it is a limited liability company, a distinctly different business entity.

out in paragraphs 22 through 25 of Count IV, simply stated, are unsupported by a single factual allegation.

**THE RULE 12(b)(6) STANDARD**

In considering a motion to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6), the trial court accepts the well-pleaded facts of the Complaint to be true and construes those factual allegations in the light most favorable to the Plaintiff's cause. *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988); *St. James Condominium Association et al v. Lokey,* 676 A.2d 1343, 1346 (R.I. 1996). In that context, a Rule 12(b)(6) motion should be granted if the pleadings show that no set of facts could entitle the Plaintiff to relief. *Gooley,* 851 F.2d at 514; *Hyatt v. Village House Convalescent Home*, 880 A.2d 821, 824 (R.I. 2005).

Nevertheless, the Plaintiff does have the obligation to set forth sufficient facts in its Complaint which if true would set out a cognizable cause of action. As Judge Selya held in *Gooley, supra* at 514, " . . . minimal requirements are not tantamount to nonexistent requirements. The threshold may be low, but it is real—and it is the plaintiff's burden to take the step which brings his case safely into the next phase of litigation. The court need not conjure up unpled allegations or contrive elaborately arcane scripts in order to carry the blushing bride through the portal." In this case the Plaintiff's Complaint fails to marry any factual predicate to its alleged cause of action against Coastal.

In *DM Research, Inc. v. College of American Pathologists*, 2 Fed. Supp. 2d 226, 228 (D.R.I. 1998) Chief Judge Torres set out three principles for judging the adequacy of the plaintiff's complaint:

(1) " . . . the complaint must allege facts that establish all of the elements of the claim asserted (citations omitted)";

(2) "... [b]ald assertions, subjective characterizations and legal conclusions are insufficient (citations omitted)"; and

(3) "... the factual allegations must be specific enough to justify 'drag[ging] a defendant past the pleading threshold' *Gooding*, 851 F.2d 515."

The Plaintiff's Complaint in this case fails each of these simple tests. The Plaintiff's Complaint in Count IV rests entirely upon bald assertions, subjective characterizations and legal conclusions. The Plaintiff alleges no facts, let alone specific facts upon which the claim of tortious interference rests.

In upholding Judge Torres' dismissal of the plaintiffs' complaint in *DM Research*, the First Circuit noted that, "*Gooley's* concept of 'the pleading threshold' is critical. The complaint should include 'a short and plain statement' of the claim showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a), so it need not include evidentiary detail. On the other hand, the price of entry, even to discovery, is for the plaintiff to allege a <u>factual</u> predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." *DM Research v. College of American Pathologists,* 170 F.3d 53, 55 (1st Cir. 1999). In this case it is difficult to discern whether the Plaintiff is on a "fishing expedition" or has simply asserted a tortious interference claim to avoid complete diversity among the parties. Regardless of motive, the Complaint is devoid of the necessary "factual predicate."

The First Circuit is not alone in its conclusion that a court "should exempt from consideration facts that rely on bald assertions, unsupportable conclusions and 'opprobrious epithets.'" *Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987), cert denied 483

U.S. 1021; *see also First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2nd Cir. 1994) (holding that well pleaded allegations are taken as admitted but conclusions of law or unwarranted deductions of fact are not admitted); *Campbell v. San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) ("legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Wilson v. Civil Town of Clayton, Ind. 839 F.2d 375 (7th Cir. 1988)).*

In this case, Plaintiff has asserted only one fact as it relates to Defendant Coastal, specifically that Coastal is a corporation organized under the laws of the State of Rhode Island. *Complaint ¶ 4.* In Count IV the Plaintiff alleges Coastal tortiously interfered with its contract. *Id at ¶ 22-25.* However, the Complaint makes no factual assertion of any kind as to how Coastal allegedly interfered with the contract between Pascale and International Truck. In paragraph 23, Plaintiff states "Defendant Coastal intentionally interfered with the contractual relationship established between Plaintiff and Defendant International." This is precisely the type of bald assertion or legal conclusion that the above cited cases refuse to allow to masquerade as fact.

Therefore, this Court should grant the motion of Defendant Coastal to dismiss Count IV of the Plaintiff's Complaint under Rule 12(b)(6).

COASTAL INTERNATIONAL TRUCKS, LLC

By Its Attorneys,

/s/ Richard M. Peirce

Richard M. Peirce #0564
ROBERTS, CARROLL, FELDSTEIN &
PEIRCE INC.
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000 FAX 401-521-1328

**CERTIFICATION**

I, Richard M. Peirce, hereby certify that on July 13, 2007 I served the foregoing memorandum of law in support of defendant's motion to dismiss by causing a true and correct copy of the same to be sent by operation of the Court's ECF System to those individuals designated for electronic service by the ECF System in this case and by fist-class mail to the following:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02906 mark@morselawoffice.com

Stephen T. Arnato, Esq.
Cetrulo & Caponte
The Heritage building
321 South Main Street
Providence, RI 02903 sarnato@cetcap.com

Barry S. Pollack, Esq.
Joshua L. Solomon, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109 via First Class Mail

/s/ Richard M. Peirce

Richard M. Peirce