UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PASCALE SERVICE CORP.

VS: CA NO 07-247S

INTERNATIONAL TRUCK AND ENGINE CORPORATION and COASTAL INTERNATIONAL TRUCKS, LLC

PLAINTIFF'S OBJECTION TO DEFENDANTS' PETITION TO REMOVE AND ITS MOTION TO REMAND TO STATE COURT

Now comes the Plaintiff and herein objects to Defendants' Petition to Remove and further moves to remand the proceedings to the Providence County Superior Court, Rhode Island. In support, Plaintiff has attached a memorandum of law, and exhibits and affidavits as referred to therein. In further response to Defendant's Notice of Removal Plaintiff avers as follows:

1. Plaintiff admits it commenced the action as alleged in paragraph one.

2. Admit.

3. Admit.

4. Plaintiff denies that Coastal International is procedurally misjoined or a fraudulently joined party whose citizenship should be ignored for purposes of determining diversity in this action, pursuant to 28 USC § 1332. Plaintiff denies that no cognizable cause of action exists against Coastal, and further denies that Coastal was named for the purpose of evading jurisdiction.

5. Plaintiff admits the stake in its claims exceeds $75,000.00 exclusive of interest and costs.

6. Admit.

7. Plaintiff denies that this Court has subject matter jurisdiction since there is a lack of diversity between the Plaintiff and Defendants per 28 USC §1332.

8. Plaintiff denies that Coastal was misjoined and should be disregarded for purposes of determining whether diversity jurisdiction exists.

9. Paragraph nine sets forth a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Plaintiff denies that the cases referred to by Defendant are pertinent to the issues at hand since Plaintiff conducted

a reasonable investigation as to the circumstances which gives rise to include Coastal as a proper party defendant.

10. Plaintiff denies the allegations of paragraph ten, further denies that its Complaint fails to state a claim against Defendant Coastal or that insufficient evidence exists to find Coastal liable for the acts complained of. In further answering, Plaintiff avers that Defendant bears the burden of proof by clear and convincing evidence that no cognizable claim can be asserted against Coastal.

11. Plaintiff admits the allegations of paragraph eleven.

12. Admit.

13. Plaintiff neither admits nor denies that the pecuniary consequences to Defendant would exceed $75,000.00 if an injunction were to be granted, but in further answering Plaintiff avers that the damages to Plaintiff would exceed $75,000.00 exclusive of interest and costs if an injunction were denied.

` 14. Denied.

` 15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Admit that the damages to Pascale would exceed $75,000.00 exclusive of interest and costs if an injunction were denied.

20. Admit.

WHEREFORE, Plaintiff prays that Defendant's Petition for Removal be denied, and that the case be remanded to the State Superior Court of Rhode Island, Providence County, and that Plaintiff be awarded attorneys fees and costs in consequence of its prosecution of its motion to remand.

**Plaintiff requests an evidentiary hearing for its objection and motion to remand and anticipates three (3) to four (4) hours for the same.**

PLAINTIFF
By its Attorneys
Law Office of Mark B. Morse

/s/ Mark B. Morse

Mark B. Morse
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

July 19,2007

**CERTIFICATION**

I certify that a true copy of the same was transmitted through the ECF filing system and that notice of the same is provided through ECF to the attorneys of record as follows:

Stephen T. Amato, Esq.
Cetrullo & Capone LLP
321 South Main Street
Providence, RI 02903

Richard Peirce, Esq.
Roberts Carroll Feldstein & Peirce, Inc.
10 Weybosset Street, 8th floor
Providence, RI 02903

Barry Pollack, Esq.
Joshua L. Solomon, Esq.
Sullivan & Worcester
1 Post Office Square
Boston, MA 02109

July 19, 2007

/s/ Mark B. Morse