UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PASCALE SERVICE CORP.

VS: CA NO 07-247S

INTERNATIONAL TRUCK AND ENGINE
CORPORATION and COASTAL INTERNATIONAL
TRUCKS, LLC

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANTS INTERNATIONAL TRUCK AND ENGINE"S PETITION TO REMOVE, AND ITS MOTION FOR REMAND TO STATE COURT**

INTRODUCTION

This case involves application of the recently enacted Rhode Island Fair Dealership Act; RIGL §6-50-1 effective June 14, 2007, and claims for tortious interference of contract and estoppel. Plaintiff Pascale Service Corp. (hereinafter Pascale) is a franchised parts supply dealer for Defendant International Truck and Engine Corp. Defendant International Truck and Engine Corp. (hereinafter International) is the owner, manufacturer and franchisor of International Trucks. Coastal International Trucks, LLC (hereinafter Coastal) is a franchisee in Warwick, RI for the sale of new International trucks, and competes with Plaintiff for the sale of International parts, supplies, and sales. Defendant's removal to Federal Court is a threshold issue, therefore, Plaintiff requests that an initial ruling be made as to whether removal was proper in the first instance, and that the issues raised by Defendants' Motions to Dismiss be addressed only if the Court determine that jurisdiction in the first instance is proper.

FACTS/ TRAVEL

Pascale has been an authorized dealer for International parts and supplies since 1959 when International was known as International Harvester Corporation. Plaintiff's work included warranty work on International's new and used vehicles, and at times included prep work for new vehicles. On August 21, 1972 Pascale and International executed a "Dealer Sales Agreement" for service parts. **Exh 1: Dealer Sales Agreement.** As a parts supply dealer, Pascale was authorized to perform the same type of services as those performed by a new vehicle dealer, except that the services did not encompass the sale of new vehicles. Included among these services was warranty repairs (through 2002), unload new vehicles, purchase parts, and participate in parts programs. Pascale was allowed full access to repair service information, service tools and electronic engine calibration technology. **James Pascale Affidavit ¶ 3.**

Pascale's warranty work as a dealer continued even after a new vehicle dealer franchise opened in 1978, and continued through the dealer's closure in 1981, and the subsequent re-opening and closure of a new vehicle dealership from 1986 through 1991. In 2004, in reliance on the longstanding relationship existing between Pascale and International, Pascale bid on a contract for the Rhode Island Public Transit Authority agreeing to service the fleet of public transport buses. The contract requires Pascale to provide International service parts, and implements penalties if Pascale fails to complete its obligations.

In March 1996 Defendant Coastal International Trucks, LLC (hereinafter Coastal) opened its doors. In order to fulfill its obligations in accordance with RIGL §31-5.1-1 *et seq*. The Motor Vehicle Dealers Act, and regulations enacted and enforced through the RI Motor Vehicle Dealers Commission, Coastal requested that Pascale agree to Coastal establishing its business as a new vehicle International dealer. **Exh 2: Coastal Letter to Pascale.** Pascale readily agreed.

Pascale continued to perform warranty work and operate as a service parts authorized dealer. In January 1997 International required that Pascale, and other authorized dealers make an extensive capital purchase for a computer system to maintain inventory control of International service and parts. Annual upgrades were required for the operation of the system, as required by International. Despite this outlay, largely through the pressure of Coastal, in 2002, Pascale's warranty work was limited by International. **James Pascale Affidavit ¶ 4**.

No action was ever taken by International to terminate its dealership contract with Pascale, however, beginning approximately December 2006, Coastal and International had a series of meetings which included discussions of terminating Pascale's dealership franchise with International **James Pascale Affidavit ¶6.** On April 9, 2007 International forwarded a letter to Pascale purporting to terminate the contract effective May 30, 2007. **Exh 3: Termination Letter**. On May 30, 2007, by agreement, the contract was extended through June 30, 2007. **Exh 4: Contract Extension Verification.**

As of April 9, 2007 approximately 65% of Pascale income is derived from International service parts work. If the termination is deemed effective, over one half of Pascale's workforce is expected to be laid off. A significant portion of inventory, equipment, building space, and operating systems will be rendered obsolete. Future economic losses are anticipated to total millions of dollars. **James Pascale Affidavit ¶7**.

On June 14, 2007 RIGL § 6-50- 1 *et. seq*. the "Rhode Island Fair Dealership Act." was enacted. **Exh 5: The Rhode Island Fair Dealership Act**. The Act provides *inter alia*, that cancellation of dealership contracts shall be controlled by the terms of the Act, and requires prior notice, stated grounds for cancellation, and the right of the dealer to cure the deficiencies noted in the cancellation notice. RIGL §6-50-4. Furthermore, the Act specifically provides that in an action brought by a dealer against the grantor "any violation of this chapter by the grantor is deemed an irreparable injury to the dealer in determining if temporary injunctions should issue." RIGL § 6-50-8.

The Act applies to *any contract or agreement* within the purview of the legislation, and invalidates a wrongful termination to that extent only. RIGL §6-50-3(3) (*emphasis added*). It is to be liberally construed so as promote its underlying remedial purposes and policies, which include:

(a) To promote the compelling interest of the public in fair business relations between dealers and grantors, and in the continuation of dealerships on a fair basis;

(b) To protect dealers against unfair treatment by grantors, who inherently have superior economic power and superior bargaining power in the negotiation of dealerships;

(c) To provide dealers with rights and remedies in addition to those existing by contract or common law;

(d) To govern dealerships, including any renewals or amendments, to the full extent consistent with the constitutions of this state and the United States…

RIGL §6-50-3.

Pascale is a dealer within the protection of the Rhode Island Fair Dealership Act. On June 19, 2007 Plaintiff notified International and Coastal's legal departments of its intent to file suit to prevent the termination of the contract, and for claims of estoppel, and tortious interference of contract as to both International and Coastal. On June 20, 2007 Plaintiff commenced this action in Providence County, RI Superior Court. A temporary restraining order was granted by the Superior Court on June 21, 2007, and a hearing on preliminary injunction scheduled for hearing on July 2, 2007.

On June 29, 2007, Defendant International filed its Petition to Remove to this Honorable Court, claiming as a basis, a diversity of citizenship with an amount in controversy exceeding $75,000.00. To circumvent the requirement of diversity, Defendants claim that the sufficiently pleaded claims against Coastal should be given no consideration by this Court on the basis that they are unjustified and fraudulent.

Following removal, the parties agreed to an extension of the *status quo;* that is that no action would be taken by International to terminate the contract. The inaction to reserve the *status quo* is without prejudice to the parties; and the parties have agreed that

no legal consequences should be inferred by the agreement to extend the contract.[1] **Exh 6: E-Mail Correspondence.**

On July 13, 2007 Coastal filed its Motion to Dismiss pursuant to Rule 12(b)(6) mirroring the arguments advanced by International as to why it should not be included as a party Defendant. In quick succession, Defendant International, on July 16, 2007 filed its Motion to Dismiss for Failure to State a Claim for which Relief May be Granted. Plaintiff has filed simultaneously herewith motions for extension of time in which to address Defendants' arguments due the issue of the removal being a threshold issue that must be addressed by the Court before it can address the merits of Defendants' claims. For the reasons stated below, Pascale seeks that this Court address this threshold issue of whether the case is properly removed to this Court prior to any determination of Defendants' Motions to Dismiss, and then, and only if Plaintiff's Motion to Remand is denied, should the Court address the merits of International and Coastal's Motions to Dismiss.

STANDARD OF REVIEW

28 USC §1447(c) provides for remand:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of

[1] Defendant prefers to refer to the extension as an agreement not to enforce the termination.

> remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

In determining whether removal was warranted in the first instance, the Defendant bears the burden of establishing, by clear and convincing evidence that removal to federal court is warranted. *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 142 F.3d 26 (1st Cir. 1998); *Mills v. Allegiance Healthcare Corp.* 178 F. Supp. 2d 1 (D.Mass 2001). Because the issue of diversity of citizenship is a question of federal subject matter jurisdiction, neither of the parties can waive the requirement, and the Court must establish its right to proceed in the first instance. *Caterpillar Inc. v. Lewis,* 519 U.S. 61 (1996); *Roach v. West Virginia Regional Jail & Correctional Facility Authority*, 74 F.3d 46 (4th Cir 1996); *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Servs*., 876 F.2d 1051(1st Cir. 1989). "The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation, or by prior action, or consent of the parties. *American Fire & Casualty Co. v. Finn*, 341 US 6, 18-19 (1951). All doubts concerning whether removal is proper is to be construed in favor of remand to the state court. *Danca v. Private Health Care Systems*, 185 F.3d 1 (1st Cir. 1999); *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 142 F.3d 26 (1st Cir. 1998).

In this case, Defendants seek to invoke the federal subject matter jurisdiction of the Court by asking that the Court disregard the Plaintiff's allegations and make a preliminary determination that no set of facts would warrant inclusion of Coastal International Trucks, LLC as a party defendant. Defendant International claims, without

authority or basis that Coastal is procedurally disjoined or a fraudulently joined party whose citizenship should be ignored.

"In order to show that naming a non-diverse defendant is a " fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, *or* that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *Mills v. Allegiance Healthcare Corp.* 178 F. Supp. 2d 1, 5 (D.Mass 2001) *citing* Whitaker *v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001).

To establish its claim that the joinder of a resident defendant is a sham, the Defendant, in its Petition for Removal, must present a statement of facts that leads to that conclusion, apart from the pleader's deductions. The petition must be verified, and its statements taken by the state court as true. *Mills*, 178 F.Supp.2d at 7. In the instant matter, Defendants cannot meet the high standard necessary to vest the Court with subject matter jurisdiction.

It is well established that the Court cannot rule on a motion to dismiss prior to its determination that a motion to remand is appropriate. *In re Bear River Drainage Dist.,* 267 F.2d 849. (10th Cir 1959); *Thompson v. Fritsch*, 966 F.Supp. 543 (D. Mich 1997); *Nichols v. Southeast Health Plan of Alabama, Inc.*, , 859 F.Supp. 553 (D Ala. 1993); Wright & Miller, 14C Fed. Prac & Proc. §3739 (2007).

ARGUMENT

1. The Case was Improperly Removed to Federal Court.

The right to remove is " to be determined according to the plaintiff's pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, (1939). Rhode Island, like federal court, adopts the requirements of notice pleading. RI Civ. P. 8 provides in pertinent part:

GENERAL RULES OF PLEADING

> (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks. …

In order to satisfy the requirements of notice pleading the plaintiff need not specify with particularity all the details of its claim to withstand a motion to dismiss. All that is required is that a *prima facie* allegation as to the substance of the claim be set forth. *Bruno v. Criterion Holdings, Inc.* 736 A.2d 99 (RI 1999); *St. James Condominium Ass'n v. Lokey*, 676 A.2d 1343 (RI 1996). The same analysis is true in federal court.

Even under the strictest interpretation, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1967 (2007). "[Federal] Rule 8(a)(2) does not contemplate a court's passing on the merits of a litigant's claim at the pleading stage. Rather, the "simplified notice pleading standard" of the Federal Rules "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."

*Swierkiewicz v. Sorema*, N.A. , 534 U.S. 506, 511-12, (2002). In the instant matter Plaintiff's complaint sufficiently sets forth a claim against Coastal for tortious interference of contractual relations. Count IV of Plaintiff's Verified Complaint[2] alleges:

> COUNT IV
> TORTIOUS INTERFERENCE WITH CONTRACT: COASTAL
>
> 22. Defendant Coastal knew of the existence of the contract between Plaintiff and Defendant International whereby Plaintiff was to be a franchised dealer of Defendant International parts.
>
> 23. Notwithstanding its knowledge of the same, Defendant Coastal intentionally interfered with the contractual relationship established between Plaintiff and Defendant International.
>
> 24. Said interference by Defendant Coastal was without legitimate cause or business purpose and was otherwise unprivileged.
>
> 25. As a result, Plaintiff will sustain damages, a loss of good will to its business, a loss of profits and shall otherwise incur damages.
>
> WHEREFORE, Plaintiff prays for the following relief:
>
> a. That the Plaintiff be awarded compensatory damages; and
>
> b. reasonable attorneys fees, costs, punitive damages, and other such relief as this Court deems meet and just.

The prima facie elements of a claim for tortious interference are: (1) the existence of a contractual relationship; (2) defendant's knowledge of that relationship; (3) defendant's intentional act of interference, and (4) consequent damages. *Feinstein v. Brown*, 432 F. Supp.2d 258, 268 (D.R.I. 2006) *Belliveau Bldg. Corp. v. O'Coin,* 763 A.2d 622, 627 (R.I.2000) (*quoting Smith Dev. Corp. v.*

[2] Paragraphs 1-6 of Plaintiff's Complaint setting forth the status of the parties and the existence of the contract are made applicable to all counts.

*Bilow Enters., Inc*., 112 R.I. 203, 308 A.2d 477, 482 (1973)). These elements are sufficiently addressed in Plaintiff's verified complaint.

The instant matter is unlike the situation presented to the court in *Mills v. Allegiance Healthcare Corp.* 178 F. Supp. 2d 1 (D.Mass 2001*)*. In *Mills* the Court determined that the inclusion of a resident defendant was improper since under any set of circumstances, the Plaintiff could not recover from the resident defendant. The case involved a products liability claim brought in Massachusetts state court, and the only potential recovery against the resident defendant could have been based on a market share theory. Massachusetts law did not specifically allow for recovery against a defendant based upon a market share theory. Accordingly, the Court determined there was no set of facts by which the resident defendant could be found liable. *Id.* 178 F.Supp 2d at 9.

In the case at bar, even were the Court to determine the likelihood of success against Coastal is remote, a proposition which this Plaintiff vigorously disputes, there is certainly a legal theory, and set of facts, which if proven could hold Coastal liable for tortious interference. To supplant its claim, Plaintiff has attached the affidavit of its President and chief operating officer setting forth specific facts that could, if proven true, impose liability over Coastal.

Furthermore, Defendant's Petition to Remove on the basis that there is an improperly joined resident Defendant is fatal because its Petition is unverified. The *Wilson* Court is clear in its pronouncement that a Petition to Remove on the basis of an improperly joined resident defendant *must be verified*, *Wilson v. Republic Iron and Steel Co*. 257 US 92, 97 (1921); *Mills*, 178 F.Supp.2d at 6. (*emphasis added*).

If for no other reason, therefore, Defendant's Motion to Remove should be denied. Notwithstanding the same, the Verified Complaint is sufficient on its face to set forth a cognizable claim against the resident co-defendant Coastal. Accordingly, for the reasons set forth herein, Plaintiff respectfully requests that this matter be remanded to state court for lack of subject matter jurisdiction.

2. Plaintiff Should be Granted an Award of Attorneys Fees.

28 USC § 1447(c) provide for an award of attorneys fees. Pursuant to 28 USC § 1447(c) the Court may award attorneys fees incurred as a result of the removal. In this instance attorneys fees are warranted due to the egregious failure of the Defendant to meet the minimum criteria required of it in its Petition for Removal. Defendant failed to verify its Complaint as is specifically required in seeking removal based upon the allegations of misjoinder.

The attempt to remove was initiated during the pendency of a restraining order issued by the State Court. Defendants' removal petition required Plaintiff to expend considerable resources and time to address the issue in federal court, and to maintain the *status quo* of a temporary restraining order, which issued from the Providence County Superior Court. Further application for injunctive relief will be made necessary to the federal court, or again to state court. Also, both Defendants prematurely filed motions to dismiss requiring Plaintiff to spend time and effort to research concerning the propriety of an extension pending the Court's ruling on the Motion to Remand.

Accordingly, subject to submission of affidavits of reasonable attorneys fees, Plaintiff respectfully requests that it be granted the same for the costs of prosecution of this action.

CONCLUSION

Plaintiff's Motion to Remand to State Court Should be granted. Defendant Coastal is properly joined as a party defendant. Additionally, Defendant International did not properly verify its petition for removal. A ruling on Defendants' Motions to Dismiss should be deferred until such time as the Court rules on the Motion to Remand. The Verified Complaint sets forth sufficient factual allegations to warrant going forward. In the event further factual basis is deemed necessary, the Court should consider, Plaintiff's Affidavits in support of its Objection or Motion to Remand. Plaintiff should be awarded attorneys fees for prosecution of this Motion and Objection pursuant to 28 USC 1447(c). Plaintiff shall submit documentation for the Court to establish the proper award of fees.

**Plaintiff requests an evidentiary hearing on its Motion to Remand and anticipates three (3) to four (4) hours are required.**

PLAINTIFF
By its Attorneys
Law Office of Mark B. Morse

/s/ Mark B. Morse

Mark B. Morse
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

July 19, 2007

## CERTIFICATION

I certify that a true copy of the same was transmitted through the ECF filing system and that notice of the same is provided through ECF to the attorneys of record as follows:

Stephen T. Amato, Esq.
Cetrullo & Capone LLP
321 South Main Street
Providence, RI 02903

Richard Peirce, Esq.
Roberts Carroll Feldstein & Peirce, Inc.
10 Weybosset Street, 8th floor
Providence, RI 02903

Barry Pollack, Esq.
Joshua L. Solomon, Esq.
Sullivan & Worcester
1 Post Office Square
Boston, MA 02109

July 19, 2007

/s/ Mark B. Morse