# Chapter 028
## 2007 -- S 0540 SUBSTITUTE A
## Enacted 06/14/07

## A N A C T
## RELATING TO COMMERCIAL LAW -- GENERAL REGULATORY PROVISIONS -- THE RHODE ISLAND FAIR DEALERSHIP ACT

**Introduced By:** Senators Maselli, Tassoni, Issa, Doyle, and Moura
**Date Introduced:** February 15, 2007

It is enacted by the General Assembly as follows:

SECTION 1. Title 6 of the General Laws entitled "COMMERCIAL LAW – GENERAL REGULATORY PROVISIONS" is hereby amended by adding thereto the following chapter:

**CHAPTER 50**

**THE RHODE ISLAND FAIR DEALERSHIP ACT**

**6-50-1. Short title. –** This chapter shall be known as the "Rhode Island Fair Dealership Act."

**6-50-2. Definitions. –** In this chapter:
(1) "Community of interest" means a continuing financial interest between the grantor and the grantee in either the operation of the dealership business or the marketing of such goods or services.
(2) "Dealer" means a person who is a grantee of a dealership situated in this state.
(3) "Dealership" means any of the following:
(i) A contract or agreement, either expressed or implied, whether oral or written, between two (2) or more persons, by which a person is granted the right to sell or distribute goods or services, or use a trade name, trademark, service mark, logotype, advertising or other commercial symbol, in which there is a community of interest in the business of offering, selling or distributing goods or services at wholesale, retail, by lease, agreement or otherwise.
(4) "Good cause" means:
(i) Failure by a dealer to comply substantially with essential and reasonable requirements imposed upon the dealer by the grantor, or sought to be imposed by the grantor, which requirements are not discriminatory as compared with requirements imposed on other similarly situated dealers either by their terms or in the manner of their enforcement; or
(ii) Bad faith by the dealer in carrying out the terms of the dealership.
(5) "Grantor" means a person who grants a dealership.
(6) "Person" means a natural person, partnership, joint venture, corporation or other entity.

**6-50-3. Purposes; rules of construction; variation by contract. –** (a) This chapter shall be liberally construed and applied to promote its underlying remedial purposes and policies.
(b) The underlying purposes and policies of this chapter are:
(1) To promote the compelling interest of the public in fair business relations between dealers and grantors, and in the continuation of dealerships on a fair basis;
(2) To protect dealers against unfair treatment by grantors, who inherently have superior economic power and superior bargaining power in the negotiation of dealerships;

(3) To provide dealers with rights and remedies in addition to those existing by contract or common law; and

(4) To govern dealerships, including any renewals or amendments, to the full extent consistent with the constitutions of this state and the United States.

(c) The effect of this chapter may not be varied by contract or agreement. Any contract or agreement purporting to do so is void and unenforceable to that extent only.

**6-50-4. Notice of termination or change in dealership. –** Except as provided in this section, a grantor shall provide a dealer at least ninety (90) days' prior written notice of termination, cancellation, nonrenewal or substantial change in competitive circumstances. The notice shall state all the reasons for termination, cancellation, nonrenewal or substantial change in competitive circumstances and shall provide that the dealer has sixty (60) days in which to rectify any claimed deficiency. If the deficiency is rectified within sixty (60) days the notice shall be void. The notice provisions of this section shall not apply if the reason for termination, cancellation or nonrenewal is insolvency, the occurrence of an assignment for the benefit of creditors or bankruptcy. If the reason for termination, cancellation, nonrenewal or substantial change in competitive circumstances is nonpayment of sums due under the dealership, the dealers shall be entitled to written notice of such default, and shall have ten (10) days in which to remedy such default from the date of delivery or posting of such notice.

**6-50-5. Repurchase of inventories. –** If a dealership is terminated by the grantor, the grantor, at the option of the dealer, shall repurchase all inventories sold by the grantor to the dealer for resale under the dealership agreement at the fair wholesale market value. This section applies only to merchandise with a name, trademark, label or other mark on it which identifies the grantor.

**6-50-6. Application to arbitration agreements. --** This chapter shall not apply to provisions for the binding arbitration of disputes contained in a dealership agreement, if the criteria for determining whether good cause existed for a termination, cancellation, nonrenewal or substantial change of competitive circumstances, and the relief provided is no less than that provided for in this chapter.

**6-50-7. Action for damages and injunctive relief. –** If any grantor violates this chapter, a dealer may bring an action against such grantor in any court of competent jurisdiction for damages sustained by the dealer as a consequence of the grantor's violation, together with the actual costs of the action, including reasonable actual attorneys' fees, and the dealer also may be granted injunctive relief against unlawful termination, cancellation, nonrenewal or substantial change of competitive circumstances.

**6-50-8. Temporary injunctions. –** In any action brought by a dealer against a grantor under this chapter, any violation of this chapter by the grantor is deemed an irreparable injury to the dealer in determining if temporary injunctions should issue.

**6-50-9. Nonapplicability. –** This chapter shall not apply to intoxicating liquor dealerships, motor vehicle dealerships, insurance agency relationships, any relationship relating to the sale or administration of insurance or any similar contract with an entity organized under chapters 19 or 20 of title 27, fuel distribution dealerships, and door to door sales dealerships.

SECTION 2. This act shall take effect upon passage.

=======

LC02096/SUB A

=======