AFFIDAVIT

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PASCALE SERVICE CORP.

VS: CA NO 07-247S

INTERNATIONAL TRUCK AND ENGINE
CORPORATION and COASTAL INTERNATIONAL
TRUCKS, LLC

**AFFIDAVIT OF JAMES PASCALE IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANTS INTERNATIONAL TRUCK AND ENGINE"S PETITION TO REMOVE, AND PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

I, James Pascale under oath depose and state as follows:

1. I am the President and chief operating officer of Pascale Service Corporation, a business incorporated and existing pursuant to the laws of the State of Rhode Island, and engaged in the business of truck repair and parts supply.

2. I have personal knowledge of, and am familiar with the circumstances regarding Plaintiff's claims except for that which I state to be true to the best of my information and belief, and as to those facts, I state them to be true to the best of my information and belief.

3. Since 1959 Pascale Service Corp has been an authorized parts supply dealer for International Trucks formerly known as International Harvester Trucks. As a parts supply dealer, Pascale was authorized to perform the same type of services as those performed by a new vehicle dealer, except that the services did not encompass the sale of new vehicles. Included among these services was warranty repairs (through 2002),

unload new vehicles, purchase parts, and participate in parts programs. Pascale was allowed full access to repair service information, service tools and electronic engine calibration technology.

4. In January 1997 International required that Pascale, and other authorized dealers make an extensive capital purchase for a computer system to maintain inventory control of International service and parts. Annual upgrades were required for the operation of the system, as required by International. Pascale was required to purchase a special computer (EZ Tech) to help repair and diagnose the International proprietary electronic engines and trucks. Pascale service technicians received technical training to make these repairs. Thousands of dollars were spent in order to qualify to make these repairs.

5. Coastal International began operations in 1995. Pascale assented, through the Rhode Island Department of Business Regulation to Coastal being issued a franchise license for the sale of new truck vehicles. Shortly after it began operations, I believe that Coastal began to put pressure on International to terminate its relationship with Pascale. As a result, in 2002 International limited some of the warranty work, Pascale was performing on International new vehicles.

6. Some time approximately in December 2006, I am informed, and based upon such information and belief, Coastal representatives met with International representatives at the Marriot Courtyard Hotel, Woburn, MA and discussed, among other

things the termination of Pascale as an authorized parts supply dealer. From December 2006 through April 2007, I am informed, and based upon such information and belief, I understand there was a series of meetings involving Coastal and International where Coastal encouraged International to terminate its relationship with Pascale.

7. As of April 9, 2007 approximately 65% of Pascale income is derived from International service parts work. If the termination is deemed effective, over one half of Pascale's workforce is expected to be laid off. A significant portion of inventory, equipment, building space, and operating systems will be rendered obsolete. Future economic losses are anticipated to total millions of dollars if the termination is deemed effective.

JAMES PASCALE

Subscribed and sworn to in the presence of a Notary Public this 19 day of July, 2007

NOTARY PUBLIC