UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PASCALE SERVICE CORP., Plaintiff, v. INTERNATIONAL TRUCK AND ENGINE CORPORATION and COASTAL INTERNATIONAL TRUCKS, LLC, Defendants. | Civil Action No. 1:07-cv-00247-S-DLM |

**PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME IN WHICH TO RESPOND TO DEFENDANTS' MOTIONS TO DISMISS**

Defendant International Truck and Engine Corporation ("ITEC"), by its attorneys, respectfully submits this partial opposition to Plaintiff's Motion for Extension of Time in Which to Respond to Defendant International Truck and Engine Corporation's Motion to Dismiss. ITEC does not object to a reasonable extension of time within which the Plaintiff must oppose the pending motions to dismiss, but the Plaintiff should not be granted an indefinite extension pending resolution of the motion to remand because that would deprive this Court of the opportunity to determine that efficiency would be served by a contemporaneous review of all pertinent briefing.

While it is true, as a general matter, that a motion to dismiss cannot be *resolved* unless the Court determines it possesses jurisdiction, here judicial efficiency would be maximized by *reviewing* contemporaneously the Defendants' motions to dismiss and the Plaintiff's motion to remand. The issues in these motions are substantially related, if not inextricably intertwined.

Underlying the motion to remand is whether the Defendants have properly invoked the diversity jurisdiction of this Court based on the procedural misjoinder, otherwise known as fraudulent joinder, of Defendant Coastal International Trucks, LLC ("Coastal"). The First Circuit has explained that a "finding of fraudulent joinder" is similar to, and bears an implicit finding that, "the plaintiff has failed to state a cause of action against the fraudulently joined defendant, *see* 1A J. Moore, Moore's Federal Practice ¶ 0.161[2] at nn. 5, 6 …." *Polyplastics, Inc. v. Transconex*, 713 F.2d 875, 877 (1st Cir. 1983) (holding that a finding of improper joinder is not immediately appealable). Hence, the First Circuit has recognized an inherent overlap in the issues presented by improper joinders and motions to dismiss.

In the pending motions to dismiss, just as in the pending motion to remand, this Court will face the following issues: (1) whether the Plaintiff has stated, with a legal and factual basis, a tortious interference claim against Coastal even though it has failed to allege facts reflecting that any interference would have been "without justification"; (2) whether the Complaint contains any factual allegations reflecting that ITEC's termination of the at-will relationship with the Plaintiff could have somehow constituted a breach of contract; and, (3) whether the Rhode Island Fair Dealership Act applies retroactively to agreements and terminations that predate its effective date. Because there is such a tremendous overlap in issues among the pending motions, there is simply no reason for the Plaintiff to delay the completion of the record on them.

Based on the foregoing, this Court should provide the Plaintiff with no more than a reasonably limited extension of time to oppose the motions to dismiss, but should not grant an indefinite extension pending the resolution of the motion to remand.

Respectfully submitted,

INTERNATIONAL TRUCK AND ENGINE CORPORATION

By its Attorneys,

July 25, 2007

/s/ Carl E. Fumarola

Carl E. Fumarola, Bar #6980
Stephen T. Armato, Bar #6395
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
(401) 274-7850
Fax: (401) 274-9670
Email: cfumarola@cetcap.com
sarmato@cetcap.com

Of counsel:

Barry S. Pollack
Joshua L. Solomon
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
Fax: (617) 338-2880

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 26, 2007.

/s/ Carl E. Fumarola

Carl E. Fumarola