UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PASCALE SERVICE CORP.

VS. C. A. NO. 07-cv-00247-S-DLM

INTERNATIONAL TRUCK AND ENGINE CORP. AND COASTAL INTERNATIONAL TRUCKS, LLC

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Defendant, Coastal International Trucks, LLC (Coastal), hereby submits this memorandum of law in support of Defendant's Objection to Plaintiff's Motion to Remand. The sole issue presented by Plaintiff's Motion is whether Coastal was fraudulently joined as a Defendant in this action. Given the commonality of the legal questions this Court must resolve in addressing that issue and those presented by this Defendant's Motion to Dismiss, Defendant requests that this Court also treat the following as a Supplemental Memorandum of Law in Support of its Motion to Dismiss.

## I. INTRODUCTION

This action was originally commenced in the Rhode Island Superior Court Plaintiff's Complaint named Coastal and International Truck and Engine, Corp. (International ) as Defendants. The only count of the Complaint which included allegations against Coastal was Count IV. That Count purports to state a claim for tortious interference with contractual relations.

This matter was removed from the Superior Court on or about June 29, 2007, by Defendant, International. International relied upon 28 U.S.C. § 1332 in invoking this Court's jurisdiction. International contended that diversity jurisdiction exists notwithstanding the fact that a named defendant, Coastal, was non-diverse, because Coastal had been fraudulently joined in the action.

On or about July 13, 2007 Coastal filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6), and a supporting memorandum of law, in which Coastal asserted Plaintiff had failed to state a claim against Coastal upon which relief may be granted. Plaintiff is yet to respond to that motion directly. Instead, Plaintiff has filed what it has styled as an Objection to Defendants' Petition to Remove and a Motion to Remand to State Court pursuant to 28 U.S.C. § 1447(c). In support of its Motion, Plaintiff has filed a memorandum with various exhibits, including an affidavit by Pascale Service Corp. (Pascale) President, James Pascale. Plaintiff has also filed a Motion for Extension of Time In Which to Respond to Defendant Coastal's Motion to Dismiss. Plaintiff requests that it be given ten days from the date of this Court's ruling on the Motion to Remand to respond to Coastal's Motion to Dismiss.

## II. PROCEDURAL ISSUES

This Court has before it three interrelated motions. Coastal respectfully requests that the Court resolve the motions in the following manner and order. This Court should deny Plaintiff's Motion for Extension of Time insofar as it requests that the Plaintiff need not reply to Coastal's Motion to Dismiss until 10 days after the Court rules on Plaintiff's Motion to Remand. As discussed in greater detail below, the standard this Court will apply in analyzing the fraudulent joinder issue implicated by Plaintiff's Motion to

Remand is similar, if not identical to, the standard Court will employ when considering Coastal's Motion to Dismiss. As a consequence of that overlap, courts routinely recognize that if a motion to remand is denied because a non-diverse defendant was fraudulent joined, the court should, upon proper motion, dismiss the claims against the non-diverse defendant for failure to state a claim a claim upon which relief may be granted. *See Polyplastics, Inc. v. Transconex, Inc*., 877, 713 F.2d. 875 (1985) ("finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant…"); *Nunn v. St. Paul Travelers*, 2006 WL 827403 (D. Colo. 2006); *Gil v. Related Management, Co*., 2006 WL 2358574 (D.N.J. 2006); *Stevens v. Taser International,* 2006 WL 143797 (S.D. Ohio 2006); *Constant v. Wyeth*, 352 F.Supp.2d 847 (Tenn. 2003). Given the substantial, if not compete, overlap between the analysis this court must conduct when considering the Motion to Remand and the Motion to Dismiss, judicial economy would be poorly served by allowing the Plaintiff the relief it seeks. Coastal does not object to the Plaintiff being allowed a reasonable extension of time to respond to its Motion to Dismiss, so long as that response occurs prior to hearing on the Motion to Remand.

As between the Motion to Dismiss and the Motion to Remand, this Court must first rule upon the Motion to Remand, for if the Court lacks subject matter jurisdiction this case is at end, at least in this forum. For the reasons set forth below, Coastal submits this court should deny Plaintiff's Motion to Remand. Having done so, the Court may then pass upon Coastal's Motion to Dismiss. Numerous courts have concluded that it is appropriate to rule upon a motion to dismiss pursuant to 12(b)(6) brought by a non-diverse, fraudulently joined defendant either in the absence of a motion to remand or in

the wake of denying such a motion. *Nunn v. St. Paul Travelers*, 2006 WL 827403 (D. Colo. 2006); *Gil v. Related Management, Co.*, 2006 WL 2358574 (D.N.J. 2006); *Stevens v. Taser International*, 2006 WL 143797 (S.D. Ohio 2006); *Constant v. Wyeth*, 352 F.Supp.2d 847 (Tenn. 2003). For the reasons set forth herein, as well as those discussed in Coastal's Memorandum of Law in Support of its Motion to Dismiss, the Court should grant Coastal's Motion to Dismiss. If this Court concludes that it has jurisdiction in this matter because Coastal has been fraudulently joined, then it necessarily follows that the Plaintiff has also failed to state a claim upon which relief may be granted. *Nunn v. St. Paul Travelers*, 2006 WL 827403 (D. Colo. 2006); *Gil v. Related Management, Co.*, 2006 WL 2358574 (D.N.J. 2006); *Stevens v. Taser International*, 2006 WL 143797 (S.D. Ohio 2006); *Constant v. Wyeth*, 352 F.Supp.2d 847 (Tenn. 2003).

## III. FACTS OF THE CASE

For purposes of responding to Plaintiff's Motion to Remand only, Coastal adopts the Statement of Facts set forth in International's Memorandum of Law in Opposition to Plaintiff's Motion to Remand.

## IV. ARGUMENT

### A. Coastal's Status as a Rhode Island Citizen Should be Ignored For Purposes of Evaluating Subject Matter Jurisdiction Because Coastal Was Fraudulently Joined as a Defendant.

The basis for Plaintiff's Motion to Remand is that there is an absence of complete diversity, and, therefore, a lack of jurisdiction in Federal Court. The Plaintiff contends that it has not fraudulently joined Coastal but rather has a viable cause of action against this Defendant. For the reasons set forth below, this Court should reject Plaintiff's assertions and find that Coastal was fraudulently joined.

The District Court for the State of Rhode Island has held that a claim against a defendant who is a citizen of the same state amounts to fraudulent joinder when it is done "without any purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the [defendant's] right of removal." *Arriaga v. New England Gas Company*, 483 F.Supp.2d 177, 181 (D.R.I. 2007) (quoting *Wilson v. Republic Iron & Steel*, 257 U.S. 92, 97 (1921). The Federal Circuits have failed to enunciate a clear test for misjoinder, yet generally agree that joinder is fraudulent in instances of outright fraud in alleging jurisdictional facts or where there is no basis for the plaintiff's claim. *Id.*

Federal Courts have varied in their approach to determining whether there is any legal basis for the action against the non-diverse party. Some courts allow a determination to be made on the pleadings, asking whether there is any possibility that the plaintiff can maintain a cause of action in state court. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir.2001); *Schwenn v. Sears, Roebuck & Co.*, 822 F.Supp. 1453, 1455 (D.Minn.1993). Other courts have described the test as whether there is any reasonable basis for predicting that the plaintiff may prevail under state law. *Arriaga*, 483 F.Supp.2d at 183; *See also Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (stating that there must at least be a reasonable basis for predicting state law would allow recovery to preclude a finding of fraudulent joinder); *Poulos v. Naas foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992) (holding that the federal court must engage in an act of prediction whether there is any reasonable possibility that a state court would rule against the non-diverse defendant).

A common thread that unites all of the Federal Courts in this analysis is the "reasonableness of the basis" underlying the questionable claim. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir.2003); *See also Mills v. Allegiance Healthcare Corp.,* 178 F.Supp.2d 1 (D.Mass. 2001). The task of the court is not to adjudicate the action but rather to determine if the plaintiff's allegations against the non-diverse party have such little chance of success that the joinder was improper. *Arriaga*, 483 F.Supp.2d at 183 (citing *Badon v. RJR Nabisco Inc.,* 236 F.3d 282, 286 (5th Cir.2000)). Courts have rejected the idea that a mere theoretical possibility of recovery precludes removal. *Id.*

In the case at bar, Defendant argues that Plaintiff has no reasonable basis for alleging tortious interference with contract and that their presence in this controversy amounts to misjoinder. *See Mills*, 178 F.Supp.2d at 8 (finding misjoinder where Plaintiff has failed to allege sufficient evidence to support its theory of liability). As illustrated in greater detail below, Plaintiff has failed to allege facts sufficient to establish the essential elements for tortious interference with contract. Furthermore, there is no reason to believe Plaintiff will recover against Coastal.

### 1. Plaintiff's Complaint Fails as a Matter of Law to State a Claim Against Coastal.

The ultimate question in analyzing a question of fraudulent joinder is whether there is arguably a legal basis for imposing liability upon the non-diverse defendant based upon the facts alleged. The Plaintiff's Complaint fails to assert any facts sufficient to establish a viable claim for tortious interference with contractual relations. Instead, in its Complaint, the Plaintiff has merely alleged, in a conclusory manner, that Coastal intentionally interfered with the Plaintiff's at-will contractual relationship with

International. Count IV of Plaintiff's Complaint rests entirely upon bald assertions, subjective characterizations and legal conclusions. Plaintiff's Complaint asserts only one fact as it relates to Defendant Coastal, specifically that Coastal is a corporation organized under the laws of the State of Rhode Island. *Complaint* ¶ *4.* While in Count IV, the Plaintiff alleges Coastal tortiously interfered with its contract, it makes no factual assertion of any kind as to how Coastal interfered with the contract between Pascale and International Truck and why, if such interference occurred, it was improper and hence actionable.

Standing alone, Plaintiff's Complaint fails to set forth a viable claim for tortious interference. In *DM Research, Inc. v. College of American Pathologists*, 2 Fed. Supp. 2d 226, 228 (D.R.I. 1998) Chief Judge Torres set forth three principles for judging the adequacy of a complaint:

(1) " . . . the complaint must allege facts that establish all of the elements of the claim asserted (citations omitted)";

(2) " . . . [b]ald assertions, subjective characterizations and legal conclusions are insufficient (citations omitted)"; and

(3) " . . . the factual allegations must be specific enough to justify 'drag[ging] a defendant past the pleading threshold' *Gooding*, 851 F.2d 515."

The Plaintiff's Complaint fails each of these three simple tests. The Plaintiff's Complaint in Count IV rests entirely upon bald assertions, subjective characterizations and legal conclusions. No facts were alleged (other than as to Coastal's citizenship), let alone specific facts upon which the claim of tortious interference rests. As Plaintiff's Complaint does not set forth any relevant facts, let alone 'a short and plain statement' of

the factual predicate of its claim against the Defendant as the law requires, Plaintiff has no reasonable chance of prevailing on that claim. *DM Research v. College of American Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999).

**2. Pascale's Affidavit Does Not Remedy the Deficiencies Evident on the Face of Plaintiff's Complaint**.

In ruling upon the issue of fraudulent joinder, the Court is not constrained to the four corners of the Complaint, as it is when ruling upon a Rule 12(b)(6) Motion to Dismiss. Accordingly, Plaintiff, has submitted the Pascale affidavit offering more specific allegations pertaining to the claim of tortious interference with contract. The new accusations, assumed to be true for purposes of the Motion to Remand, still fail to establish a viable claim for tortious interference with contractual relations because Plaintiff has not alleged nor can it prove an essential element, namely, legal malice.

Paragraphs five and six of Plaintiff's affidavit contain factual allegations that were not included in the original Complaint. Mr. Pascale states, "shortly after it [Coastal] began operations, I believe that Coastal began to put pressure on International to terminate its relationship with Pascale. As a result, in 2002 International limited some of the warranty work, Pascale was performing on International new vehicles." *Pascale affidavit at ¶ 5*. He goes on to state that, "[s]ome time approximately in December 2006, I am informed, and based upon such information and belief, Coastal representatives met with International representatives at the Marriot Courtyard Hotel, Woburn, MA and discussed, among other things the termination of Pascale as an authorized parts supply dealer. From December 2006 through April 2007, I am informed, and based upon such information and belief, I understand there was a series of meetings involving Coastal and

International where Coastal encouraged International to terminate its relationship with Pascale." *Pascale affidavit at ¶ 6.*

Despite the addition of these statements by James Pascale, intended to clarify the vague and unsupported allegations articulated in the Complaint, Plaintiff still can not establish a prima facie case for tortious interference with contractual relations. To establish such a prima facie case, Rhode Island Courts have held that the "aggrieved party must show: (1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) his or her intentional interference; and (4) damages resulting therefrom." *Belliveau Building Corp. v. O'Coin,* 763 A.2d 622, 627 (R.I.2000); *Smith Development Corp. v. Bilow Enterprises, Inc.,* 308 A.2d 477, 482 (R.I.1973). No showing of actual malice is necessary, however, evidence of "legal malice" is necessary. *Feinstein v. Brown*, 432 F.Supp.2d 258, 268 (D.R.I.2006); *Pride Hyundai, Inc. v. Chrysler Financial Co. LLC,* 263 F.Supp.2d 374, 399 (D.R.I.2003); *Belliveau*, 763 A.2d at 627. Legal malice has been defined as "an intent to do harm without justification." *Belliveau*, 763 A.2d at 627; *Mesolella v. City of Providence,* 508 A.2d 661, 669-70 (R.I.1986). Therefore, to establish a prima facie case of intentional interference with contract, aggrieved parties must allege and prove not only that the alleged "tortfeasors intended to do harm but that they did so without the benefit of any legally recognized privilege or other justification." *Belliveau*, 763 A.2d at 627.

One such legally recognized justification is lawful, competitive behavior in the corporate marketplace. *See Ocean State Physicians Health Plan, Inc. v. Blue Cross & Blue Shield of Rhode Island*, 883 F.2d 1101, 1113 (1st Cir.1989); *National Employment Service Corp v. Olsten Staffing Services, Inc.,* 761 A.2d 401, 406 (N.H.2000); *Noah v. L.*

*Daitch & Co., Inc.,* 192 N.Y.S.2d 380, 386 (N.Y.1959). Simply interfering with a competitor's contract or inducing a competitor's customer to discontinue an existing relationship is neither unlawful or actionable. *Blue Cross,* 883 F.2d at 1113; *Olsten*, 761 A.2d at 406. "The additional ingredient is improper conduct, which may include ulterior motive (e.g., wishing to do injury) or wrongful means (e.g., deceit or economic coercion." *Luciano v. Coca-Cola Enterprises, Inc.*, 307 F.Supp.2d 308 (D.Mass.2004) (quoting *Schwanbeck v. Federal Mogul Corp.,* 578 N.E.2d 789 (Mass.1991). Or, as the Court in *Blue Cross* held, "conduct in furtherance of business competition is generally held to justify interference with others' contracts, so long as the conduct involves neither wrongful means nor unlawful restraint of trade." 883 F.2d at 1113. The *Olsten* ruling as well as the First Circuit holding in *Blue Cross* cite to the Restatement (Second) of Torts. *Blue Cross,* 883 F.2d at 1113; Olsten, 761 A.2d at 406. In pertinent part, the Restatement explains:

> If the third person is free to terminate his contractual relation with the plaintiff when he chooses… any interference with it that induces its termination is primarily interference with the future relations between the parties, and the plaintiff has no assurance of them. As for the future hopes he has no legal right but only an expectancy; and when the contract is terminated by the choice of third person there is no breach of it. *The competitor is therefore free, for his own competitive advantage, to obtain the future benefits for himself by causing the termination. Thus he may offer better contract terms, as by offering an employee of the plaintiff more money to work for him or by offering a seller higher prices for goods, and he may make use of persuasion or other suitable means, all without liability.*
>
> Restatement (Second) of Torts, § 768 (emphasis added).

The case law and Restatement are quite clear on this point. When a business induces a third party to terminate an at will contract with a competitor, that conduct in

and of itself does not constitute an actionable tort. *See Olsten*, 761 A.2d at 406; *Noah*, 192 N.Y.S.2d at 386. Plaintiff has himself admitted in the affidavit that Pascale and Defendant, Coastal, are competitors. *See Pascale affidavit at ¶ 5.* Therefore, in order to prevail on a claim of tortious interference the plaintiff must demonstrate an improper purpose beyond lawful competition on the part of Coastal. *Luciano*, 307 F.Supp.2d at 323; *Blue Cross*, 883 F.2d at 1113. Even assuming the veracity of the additional statements by Mr. Pascale, as we must for purposes of the Motion to Dismiss, the mere allegations that meetings were held between Coastal and International, do not come close to meeting this standard. Assuming arguendo that the purpose of these conversations was to pressure International to end its relationship with Pascale, plaintiff still fails to meet the standard for tortious interference with contract absent evidence that Coastal acted with legal malice.

Plaintiff has failed to allege either in his Complaint or in the recent affidavit, a factual basis to establish legal malice which is an essential element of tortious interference with contract. For the reasons stated above, in addition to those articulated in the Memorandum of Law in Support of Defendant's Motion to Dismiss, Coastal submits that this Court should deny Plaintiff's Motion to Remand and, thereafter, grant Coastal's Motion to Dismiss.

COASTAL INTERNATIONAL TRUCKS, LLC

By Its Attorneys,

/s/ Richard M. Peirce

Richard M. Peirce #0564

ROBERTS, CARROLL, FELDSTEIN &
PEIRCE INC.
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000 FAX 401-521-1328

**CERTIFICATION**

I, Richard M. Peirce, hereby certify that on July 27, 2007 I served the foregoing memorandum of law in support of defendant's motion to dismiss by causing a true and correct copy of the same to be sent by operation of the Court's ECF System to those individuals designated for electronic service by the ECF System in this case and by fist-class mail to the following:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02906 mark@morselawoffice.com

Stephen T. Arnato, Esq.
Cetrulo & Capone
The Heritage building
321 South Main Street
Providence, RI 02903 sarnato@cetcap.com

Barry S. Pollack, Esq.
Joshua L. Solomon, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109 via First Class Mail

/s/ Richard M. Peirce

Richard M. Peirce