UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PASCALE SERVICE CORP.

VS. C. A. NO. 07-cv-00247-S-DLM

INTERNATIONAL TRUCK AND ENGINE
CORP. AND COASTAL INTERNATIONAL
TRUCKS, LLC

**PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME IN WHICH TO RESPOND TO DEFENDANT'S MOTION TO DISMISS**

Defendant, Coastal International Trucks, LLC, hereby submits this partial opposition to Plaintiff's Motion for Extension of Time in Which to Respond to Defendant's Motion to Dismiss. This Court should deny Plaintiff's Motion for Extension of Time insofar as it requests that the Plaintiff need not reply to Coastal's Motion to Dismiss until 10 days after the Court rules on Plaintiff's Motion to Remand. Coastal respectfully requests that the Court resolve the motions in the following manner and order.

The standard this Court will apply in analyzing the fraudulent joinder issue implicated by Plaintiff's Motion to Remand is similar, if not identical to, the standard the Court will employ when considering the Motion to Dismiss. As a consequence of that overlap, courts routinely recognize that if a motion to remand is denied because a non-diverse defendant was fraudulent joined, the court should, upon proper motion, dismiss the claims against the non-diverse defendant for failure to state a claim a claim upon which relief may be granted. *See Polyplastics, Inc. v. Transconex, Inc.*, 877, 713 F.2d. 875 (1985) ("finding of fraudulent joinder bears an implicit finding that the plaintiff has

failed to state a cause of action against the fraudulently joined defendant…”); *Nunn v. St. Paul Travelers*, 2006 WL 827403 (D. Colo. 2006); *Gil v. Related Management, Co.*, 2006 WL 2358574 (D.N.J. 2006); *Stevens v. Taser International*, 2006 WL 143797 (S.D. Ohio 2006); *Constant v. Wyeth*, 352 F.Supp.2d 847 (Tenn. 2003).

Given the substantial, if not compete, overlap between the analysis this court must conduct when considering the Motion to Remand and the Motion to Dismiss, judicial economy would be poorly served by allowing the Plaintiff the relief it seeks. Coastal does not object to the Plaintiff being allowed a reasonable extension of time to respond to its Motion to Dismiss, so long as that response occurs prior to hearing on the Motion to Remand.

COASTAL INTERNATIONAL TRUCKS, LLC

By Its Attorneys,

/s/ Richard M. Peirce

Richard M. Peirce #0564
ROBERTS, CARROLL, FELDSTEIN & PEIRCE INC.
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000 FAX 401-521-1328

**CERTIFICATION**

I, Richard M. Peirce, hereby certify that on July 27, 2007 I served the foregoing memorandum of law in support of defendant’s motion to dismiss by causing a true and correct copy of the same to be sent by operation of the Court’s ECF System to those individuals designated for electronic service by the ECF System in this case and by fist-class mail to the following:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02906 mark@morselawoffice.com

Stephen T. Arnato, Esq.
Cetrulo & Capone
The Heritage building
321 South Main Street
Providence, RI 02903 sarnato@cetcap.com

Barry S. Pollack, Esq.
Joshua L. Solomon, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109 via First Class Mail

/s/ Richard M. Peirce

Richard M. Peirce