UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PASCALE SERVICE CORP.

VS: CA NO 07-247S

INTERNATIONAL TRUCK AND ENGINE CORPORATION and COASTAL INTERNATIONAL TRUCKS, LLC

PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT COASTAL INTERNATIONAL TRUCK, LLC's MOTION TO DISMISS

INTRODUCTION

This case involves application of the recently enacted Rhode Island Fair Dealership Act; RIGL §6-50-1 effective June 14, 2007, and claims for tortious interference of contract and estoppel. Plaintiff Pascale Service Corp. (hereinafter Pascale) is a franchised parts supply dealer for Defendant International Truck and Engine Corp. Defendant International Truck and Engine Corp. (hereinafter International) is the owner, manufacturer and franchisor of International Trucks. Coastal International Trucks, LLC (hereinafter Coastal) is a franchisee in Warwick, RI for the sale of new International trucks, and competes with Plaintiff for the sale of International parts, supplies, and sales.

On July 27, 2007 Plaintiff filed a Motion to Remand to State Court on the basis that the Court lacked subject matter jurisdiction due to a lack of diversity jurisdiction, or other federal question issue. Also filed were motions to extend the time to respond to Defendants' Motions to Dismiss, on the basis that an initial ruling on Plaintiff's Motion

to remand was necessary as the issue of subject matter jurisdiction was a threshold matter.

A July 27, 2007 conference was held before Judge Smith at which time the Court scheduled a September 10, 2007 hearing on Plaintiff's Motion to Remand, and ordered a response to Coastal's Motion to Dismiss on or before August 17, 2007. There is a hearing scheduled on Plaintiff's Motion to Remand for September 10, 2007. A response to International's Motion to Dismiss is to be deferred until fifteen days after the Court rules on Plaintiff's Motion to Remand, if the Remand is denied. A settlement conference before Magistrate Judge Almond was scheduled and took place on August 16, 2007. In the interim, the parties agreed to maintain the *status quo,* pending the August 16 settlement conference.

FACTS/ TRAVEL

The facts and travel, as contained in part in Plaintiff's Motion to Remand are as follows: Pascale has been an authorized dealer for International parts and supplies since 1959 when International was known as International Harvester Corporation. Plaintiff's work included warranty work on International's new and used vehicles, and at times included prep work for new vehicles. On August 21, 1972 Pascale and International executed a "Dealer Sales Agreement" for service parts. **Exh 1: Dealer Sales Agreement.** As a parts supply dealer, Pascale was authorized to perform the same type of services as those performed by a new vehicle dealer, except that the services did not encompass the sale of new vehicles. Included among these services was warranty repairs (through

2002), unload new vehicles, purchase parts, and participate in parts programs. Pascale was allowed full access to repair service information, service tools and electronic engine calibration technology. **James Pascale Affidavit ¶ 3.**

Pascale's warranty work as a dealer continued even after a new vehicle dealer franchise opened in 1978, and continued through the dealer's closure in 1981, and the subsequent re-opening and closure of a new vehicle dealership from 1986 through 1991. In 2004, in reliance on the longstanding relationship existing between Pascale and International, Pascale bid on a contract for the Rhode Island Public Transit Authority agreeing to service the fleet of public transport buses. The contract requires Pascale to provide International service parts, and implements penalties if Pascale fails to complete its obligations.

In March 1996 Defendant Coastal International Trucks, LLC (hereinafter Coastal) opened its doors. In order to fulfill its obligations in accordance with RIGL §31-5.1-1 *et seq*. The Motor Vehicle Dealers Act, and regulations enacted and enforced through the RI Motor Vehicle Dealers Commission, Coastal requested that Pascale agree to Coastal establishing its business as a new vehicle International dealer. **Exh 2: Coastal Letter to Pascale.** Pascale readily agreed.

Pascale continued to perform warranty work and operate as a service parts authorized dealer. In January 1997 International required that Pascale, and other authorized dealers make an extensive capital purchase for a computer system to maintain

inventory control of International service and parts. Annual upgrades were required for the operation of the system, as required by International. Despite this outlay, largely through the pressure of Coastal, in 2002, Pascale's warranty work was limited by International. **James Pascale Affidavit ¶ 4**.

No action was ever taken by International to terminate its dealership contract with Pascale, however, beginning approximately December 2006, Coastal and International had a series of meetings which included discussions of terminating Pascale's dealership franchise with International **James Pascale Affidavit ¶6.** On April 9, 2007 International forwarded a letter to Pascale purporting to terminate the contract effective May 30, 2007. **Exh 3: Termination Letter**. On May 30, 2007, by agreement, the contract was extended through June 30, 2007. **Exh 4: Contract Extension Verification.**

As of April 9, 2007 approximately 65% of Pascale income is derived from International service parts work. If the termination is deemed effective, over one half of Pascale's workforce is expected to be laid off. A significant portion of inventory, equipment, building space, and operating systems will be rendered obsolete. Future economic losses are anticipated to total millions of dollars. **James Pascale Affidavit ¶7**.

On June 14, 2007 RIGL § 6-50- 1 *et. seq.* the "Rhode Island Fair Dealership Act." was enacted. **Exh 5: The Rhode Island Fair Dealership Act**. The Act provides *inter alia*, that cancellation of dealership contracts shall be controlled by the terms of the Act, and requires prior notice, stated grounds for cancellation, and the right of the dealer to

cure the deficiencies noted in the cancellation notice. RIGL §6-50-4. Furthermore, the Act specifically provides that in an action brought by a dealer against the grantor "any violation of this chapter by the grantor is deemed an irreparable injury to the dealer in determining if temporary injunctions should issue." RIGL § 6-50-8.

The Act applies to *any contract or agreement* within the purview of the legislation, and invalidates a wrongful termination to that extent only. RIGL §6-50-3(3) (*emphasis added*). It is to be liberally construed so as promote its underlying remedial purposes and policies, which include:

> (a) To promote the compelling interest of the public in fair business relations between dealers and grantors, and in the continuation of dealerships on a fair basis;
>
> (b) To protect dealers against unfair treatment by grantors, who inherently have superior economic power and superior bargaining power in the negotiation of dealerships;
>
> (c) To provide dealers with rights and remedies in addition to those existing by contract or common law;
>
> (d) To govern dealerships, including any renewals or amendments, to the full extent consistent with the constitutions of this state and the United States…
>
> RIGL §6-50-3.

Pascale is a dealer within the protection of the Rhode Island Fair Dealership Act. On June 19, 2007 Plaintiff notified International and Coastal's legal departments of its intent to file suit to prevent the termination of the contract, and for claims of estoppel, and tortious interference of contract as to both International and Coastal. On June 20, 2007 Plaintiff commenced this action in Providence County, RI Superior Court. A

temporary restraining order was granted by the Superior Court on June 21, 2007, and a hearing on preliminary injunction scheduled for hearing on July 2, 2007.

On June 29, 2007, Defendant International filed its Petition to Remove to this Honorable Court, claiming as a basis, a diversity of citizenship with an amount in controversy exceeding $75,000.00. To circumvent the requirement of diversity, Defendants claim that the sufficiently pleaded claims against Coastal should be given no consideration by this Court on the basis that they are unjustified and fraudulent.

Following removal, the parties agreed to an extension of the *status quo;* that is that no action would be taken by International to terminate the contract. The inaction to reserve the *status quo* is without prejudice to the parties; and the parties have agreed that no legal consequences should be inferred by the agreement to extend the contract.[1] **Exh 6: E-Mail Correspondence.**

On July 13, 2007 Coastal filed the within Motion to Dismiss pursuant to Rule 12(b)(6) mirroring the arguments advanced by International as to why it should not be included as a party Defendant. In quick succession, Defendant International, on July 16, 2007 filed its Motion to Dismiss for Failure to State a Claim for which Relief May be Granted. Because the issues raised in Coastal's Motion to Dismiss are central to the Motion to Remand, the Court directed Plaintiff to respond to the Coastal's Motion to Dismiss, but deferred requiring Plaintiff to respond to International's Motion to dismiss

[1] Defendant prefers to refer to the extension as an agreement not to enforce the termination.

until fifteen (15) days following the Court's decision on Plaintiff's Motion to remand; if the motion to remand is denied.

STANDARD OF REVIEW

1. <u>On Defendant International's Motion to Remand</u>.

28 USC §1447(c) provides for remand:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

In determining whether removal was warranted in the first instance, the Defendant bears the burden of establishing, by clear and convincing eviction that removal to federal court is warranted. *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 142 F.3d 26 (1st Cir. 1998); Mills *v. Allegiance Healthcare Corp.* 178 F. Supp. 2d 1 (D.Mass 2001). Because the issue of diversity of citizenship is a question of federal subject matter jurisdiction, neither of the parties can waive the requirement, and the Court must establish its right to proceed in the first instance. *Caterpillar Inc. v. Lewis,* 519 U.S. 61 (1996); *Roach v. West Virginia Regional Jail & Correctional Facility Authority*, 74 F.3d 46 (4th Cir 1996); *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Servs*., 876 F.2d 1051(1st Cir. 1989). "The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation, or by prior

action, or consent of the parties. *American Fire & Casualty Co. v. Finn*, 341 US 6, 18-19 (1951).

In this case, Defendants seek to invoke the federal subject matter jurisdiction of the Court by asking that the Court disregard the Plaintiff's allegations and make a preliminary determination that no set of facts would warrant inclusion of Coastal International Trucks, LLC as a party defendant. Defendant International claims, without authority or basis that Coastal is procedurally disjoined or a fraudulently joined party whose citizenship should be ignored.

"In order to show that naming a non-diverse defendant is a " fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, *or* that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *Mills v. Allegiance Healthcare Corp.* 178 F. Supp. 2d 1, 5 (D.Mass 2001) *citing* Whitaker *v. Am. Telecasting, Inc*., 261 F.3d 196, 207 (2d Cir. 2001).

To establish its claim that the joinder of a resident defendant is a sham, the Defendant, in its Petition for Removal, must present a statement of facts that leads to that conclusion, apart from the pleader's deductions. The petition must be verified, and its statements taken by the state court as true. *Mills*, 178 F.Supp.2d at 7. In the instant matter, Defendants cannot meet the high standard necessary to vest the Court with subject matter jurisdiction.

2. On Defendants Coastal's Motion to Dismiss.

Fed. R. Civ. P 12 (b)(6) provides:

> Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on the Pleadings
>
> …
>
> (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> …
>
> (6) failure to state a claim upon which relief can be granted

When ruling on a motion to dismiss a judge must accept as true all of the factual allegations contained in the complaint. *Erikson v. Pardus,* 127 S.Ct.2197 (2007). All that is required under the Notice pleading requirements, pursuant to Rule 8(a)(2) is "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests. The inquiry under Rule 12(b)(6) is limited, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). All facts pled in the complaint are accepted as true and inferences are drawn in the light most favorable to the plaintiff. *TAG/ICIB Servs. Inc. v. Pan Am. Grain Co.*, 215 F.3d 172, 175 (1st Cir.2000).

It is well settled that the Court may consider matters referred to outside of the pleadings, and if considered, the motion as one for summary judgment; Fed. R. Civ. P

12(c); Gulf *Coast Bank & Trust Co. v. Reder,* 355 F.3d 35 (1st Cir. 2004); *See* Wright & Miller, 5C Fed. Prac & Proc. §1371. Although Plaintiff believes the Complaint, on its face sufficiently sets forth facts, which if proven, would establish a *prima facie* case against Coastal, it has nonetheless provided an affidavit from Plaintiff's principal to further support its allegations. If the Court therefore believes further factual support is necessary, Plaintiff requests that the Court exercise its discretion and consider the allegations set forth in the Affidavit, or alternatively, that Plaintiff be given leave to amend the Complaint to incorporate the allegations of the Affidavit.

ARGUMENT: Coastal's Motion to Dismiss Should be Denied.

Rhode Island, like federal court, adopts the requirements of notice pleading. RI Civ. P. 8 provides in pertinent part:

GENERAL RULES OF PLEADING

> (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks. …

In order to satisfy the requirements of notice pleading the plaintiff need not specify with particularity all the details of its claim to withstand a motion to dismiss. All that is required is that a *prima facie* allegation as to the substance of the claim be set forth. *Bruno v. Criterion Holdings, Inc.* 736 A.2d 99 (RI 1999); *St. James Condominium Ass'n v. Lokey*, 676 A.2d 1343 (RI 1996). The same analysis is true in federal court.

Even under the strictest interpretation, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1967 (2007). "[Federal] Rule 8(a)(2) does not contemplate a court's passing on the merits of a litigant's claim at the pleading stage. Rather, the "simplified notice pleading standard" of the Federal Rules "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema*, N.A. , 534 U.S. 506, 511-12, (2002). In the instant matter Plaintiff's complaint sufficiently sets forth a claim against Coastal for tortious interference of contractual relations. Count IV of Plaintiff's Verified Complaint[2] alleges:

> COUNT IV
> TORTIOUS INTERFERENCE WITH CONTRACT: COASTAL
>
> 22. Defendant Coastal knew of the existence of the contract between Plaintiff and Defendant International whereby Plaintiff was to be a franchised dealer of Defendant International parts.
>
> 23. Notwithstanding its knowledge of the same, Defendant Coastal intentionally interfered with the contractual relationship established between Plaintiff and Defendant International.
>
> 24. Said interference by Defendant Coastal was without legitimate cause or business purpose and was otherwise unprivileged.
>
> 25. As a result, Plaintiff will sustain damages, a loss of good will to its business, a loss of profits and shall otherwise incur damages.
>
> WHEREFORE, Plaintiff prays for the following relief:
>
> a. That the Plaintiff be awarded compensatory damages; and
>
> b. reasonable attorneys fees, costs, punitive damages, and other such relief as this Court deems meet and just.

---

[2] Paragraphs 1-6 of Plaintiff's Complaint setting forth the status of the parties and the existence of the contract are made applicable to all counts.

The prima facie elements of a claim for tortious interference are: (1) the existence of a contractual relationship; (2) defendant's knowledge of that relationship; (3) defendant's intentional act of interference; and (4) consequent damages. *Feinstein v. Brown*, 432 F. Supp.2d 258, 268 (D.R.I. 2006) *Belliveau Bldg. Corp. v. O'Coin,* 763 A.2d 622, 627 (R.I.2000) (*quoting Smith Dev. Corp. v. Bilow Enters., Inc*., 112 R.I. 203, 308 A.2d 477, 482 (1973)). These elements are sufficiently addressed in Plaintiff's verified complaint.

In the case at bar, even were the Court to determine the likelihood of success against Coastal is remote, a proposition which this Plaintiff vigorously disputes, there is certainly a legal theory, and set of facts, which if proven could hold Coastal liable for tortious interference. To supplant its claim, Plaintiff has attached the affidavit of its President and chief operating officer setting forth specific facts that could, if proven true, impose liability over Coastal.

Essentially, Coastal cannot deny that with the addition of the Affidavit of James Pascale, an interference with a contract or existing relationship has been established. The only question is whether that interference is privileged.

As the Court notes in *Feinstein v. Brown,* 432 F.Supp.2d 258, 268 (D.R.I. 2006) the question of what constitutes an intentional interference is comprised of may considerations. This Court, in *Feinstein* adopted the seven factors enumerated in the Restatement (Second) Torts § 767 (1979). The factors are:

> (a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference and (g) the relations between the parties.

The consideration of these factors is fact intensive, and not subject to resolution on the basis of a motion to dismiss. Indeed, to the extent the interference is established, (Neither Coastal nor International contests that meetings took place between it and International whereby Coastal encouraged International to terminate its relationship with Pascale), it is then Coastal's burden to establish that its conduct was privileged. *Mesolella v. City of Providence*, 508 A.2d 661, 669-670 (RI 1986).

Coastal would have this Court hold that discovery as to the facts and circumstances of its meetings with International to drive Pascale out of the market cannot lead to actions that would render its conduct unprivileged. It requests that this Court rule without the benefit of discovery, and as a matter of law, that its conduct was privileged.

Finally, the burden of proof regarding the motion to remand which requires the defendant to establish a fraudulent joinder by clear and convincing evidence, *Mills supra* at pg. 5, is different than the standard used by the Court in determining whether a motion to dismiss should be granted, '(in the light most favorable to the non-moving party" *Erikson v. Pardus,, supra*). In order to reconcile the different standards, this Court has adopted the approach that the case should be remanded to state court for determination of the motion to dismiss by the local defendant, and only then should the matter be allowed

to be removed to federal court. *See Lafazia v. Ecolab, Inc.* , 2006 WL 3613771 (D.R.I.); *Antonucci v. Cherry Hill Manor* , 2006 WL 2456488 (D.R.I. 2006) ; *Lawrence Builders, Inc. v. Kolodner*, 414 F.Supp.2d 134 (D.R.I.2006).

CONCLUSION

For the foregoing reasons, Coastal's Motion to Dismiss should be denied. Alternatively, the Court should remand the case to State Court for determination of whether the local defendant; Coastal International's Motion to dismiss should be granted, and, if dismissed by State Court, allow International to remove the case. Alternatively, the Court can grant leave to the Plaintiff to amend its Complaint to incorporate the allegations of the Affidavits, and to allow the Complaint to go forward in its amended form. The Court should not, however, at this stage grant an outright dismissal without allowing Plaintiff the chance to prove its claims following discovery, and further development of the facts. *Swierkiewicz v. Sorema*, N.A..534 U.S. 506, 511-12, (2002).

PLAINTIFF
By its Attorneys
Law Office of Mark B. Morse

/s/ Mark B. Morse

Mark B. Morse
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

August 16, 2007

**CERTIFICATION**

I certify that a true copy of the same was transmitted through the ECF filing system and that notice of the same is provided through ECF to the attorneys of record as follows:

Carl Fumarola, Esq.
Stephen T. Amato, Esq.
Cetrullo & Capone LLP
321 South Main Street
Providence, RI 02903

Barry Pollack, Esq.
Joshua L. Solomon, Esq.
Sullivan & Worcester
1 Post Office Square
Boston, MA 02109

Richard Peirce, Esq.
Roberts Carroll Feldstein & Peirce, Inc.
10 Weybosset Street, 8th floor
Providence, RI 02903

August 16, 2007 /s/ Mark B. Morse