RMP/pap 2043-13
329532 8/29/07

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PASCALE SERVICE CORP.

VS. C. A. NO. 07-cv-00247-S-DLM

INTERNATIONAL TRUCK AND ENGINE CORP. AND COASTAL INTERNATIONAL TRUCKS, LLC

**REPLY MEMORANDUM TO PLAINTIFF'S OBJECTION TO DEFENDANT COASTAL INTERNATIONAL TRUCK, LLC'S MOTION TO DISMISS**

As noted in the Plaintiff's Memorandum in Support of Its Objection to Defendant Coastal International Trucks, LLC's Motion to Dismiss (Plaintiff's Memo), the Plaintiff was directed by the Court at a recent status conference to file its response to Defendant Coastal's motion to dismiss on or before August 17, 2007. (Plaintiff Memo, p. 2.) While the Plaintiff did make arguments in its Memorandum in support of its motion to remand (see Plaintiff's Memo, pp. 7-8) this reply memo is limited to the arguments raised by the Plaintiff in opposition to Coastal's motion to dismiss (see Plaintiff's memo, pp. 9-14).

Plaintiff's objection and supporting memo fail to offer this Court good reason that the Motion to Dismiss should not be granted. Despite the lax requirements of notice pleading, a Plaintiff is still required to plead facts adequate to entitle him to offer evidence to support his conclusions. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). As Judge Selya stated, ". . . minimal requirements are not tantamount to nonexistent requirements." *Id.* Instead, Plaintiff continues to rely on bald assertions and legal conclusions, which Judge Torres has held to be insufficient to allege a cause of action. *See DM Research, Inc. v. College of American Pathologists*, 2 F.Supp.2d 226, 228 (D.R.I. 1998).

Plaintiff has never offered any allegations that even if taken as true, support a finding of "legal malice" which is an essential element to a cause of action for tortious interference with contract. *Feinstein v. Brown*, 432 F.Supp.2d 258, 268 (D.R.I. 2006); *Pride Hyundai, Inc. v. Chrysler Financial Co. LLC*, 263 F.Supp.2d 374, 399 (D.R.I. 2003). Plaintiff cites an affidavit of James Pascale as proof of this missing essential element. In that affidavit, Mr. Pascale states, "shortly after it [Coastal] began operations, I believe that Coastal began to put pressure on International to terminate its relationship with Pascale. As a result, in 2002 International limited some of the warranty work, Pascale was performing on International new vehicles." *Pascale affidavit at ¶ 5.* He goes on to state that, "[s]ome time approximately in December 2006, I am informed, and based upon such information and belief, Coastal representatives met with International representatives at the Marriot Courtyard Hotel, Woburn, MA and discussed, among other things the termination of Pascale as an authorized parts supply dealer. From December 2006 through April 2007, I am informed, and based upon such information and belief, I understand there was a series of meetings involving Coastal and International where Coastal encouraged International to terminate its relationship with Pascale." *Pascale affidavit at ¶ 6.*

The Memo states parenthetically "Neither Coastal nor International contest that meeting took place between it and International whereby Coastal encouraged International to terminate its relationship with Pascale." Coastal does, in fact, contest the allegation that it encouraged International to terminate its agreement with Pascale but, at the same time, acknowledges that an allegation set forth in the complaint, to the extent it is actually set forth in the complaint, must be accepted as true for purposes of a Rule 12 motion to dismiss.

Again, even *assuming* Plaintiff's factual allegations to be true, Plaintiff fails to establish legal malice because it has not alleged any factual predicate upon which legal malice can rest.

To establish a prima facie case of intentional interference with contract, aggrieved parties must allege and prove not only that the alleged "tortfeasors intended to do harm but that they did so without the benefit of any legally recognized privilege or other justification." *Belliveau Building Corp. v. O'Coin*, 763 A.2d 622, 627 (R.I. 2000). One such legally recognized justification is lawful, competitive behavior in the corporate marketplace. *See Ocean State Physicians Health Plan, Inc. vs. Blue Cross & Blue Shield of Rhode Island,* 883 F.2d 1101, 1113 (1st Cir. 1989); *National Employment Service Corp. v. Olsten Staffing Services, Inc.*, 761 A.2d 401, 406 (N.H. 2000); *Noah v. Daitch & Co., Inc.*, 192 N.Y.S.2d 380, 3886 (N.Y. 1959); *See also Restatement (Second) of Torts,* §§768. Simply interfering with a competitor's contract or inducing a competitor's customer to discontinue an existing relationship is neither unlawful nor actionable. *Blue Cross,* 883 F.2d at 1113; *Olsten*, 761 A.2d at 406. This essential element of tortious interference is ignored not only in the Complaint but also in Plaintiff's Memorandum in Support of its Objection to Coastal's Motion to Dismiss.

While overlooking the Restatement and numerous cases to the contrary, Plaintiff attempts to show that Coastal's actions were not justified and therefore, legally malicious, by asking this Court to work through the seven factor test adopted in *Feinstein v. Brown.* 432 F.Supp.2d at 268 (as stated in the *Restatement (Second) of Torts* § 767 at 26-27 (1979)). This test is meant to determine if the alleged interference with contract was privileged, or in other words, justified, based upon the facts of the particular case. *Id.* The test can be helpful where the common law has failed to establish definitive rules indicating whether an act was

privileged or not. *Feinstein,* 432 F.Supp.2d at 268. Plaintiff fails to share with this Court that the section of the Restatement immediately following § 767 creates a privilege when the alleged interference is among business competitors. *Restatement (Second) of Torts,* §§768. The rule states:

> "(1) One who intentionally causes a third person not to enter into a prospective contractual relation with another who is his competitor or not to continue an existing contract terminable at will does not interfere improperly with the others relation if:
>
> (a) the relation concerns a matter involved in the competition between the actor and the other, and
>
> (b) the actor does not employ wrongful means, and
>
> (c) his action does not create or continue an unlawful restraint of trade, and
>
> (d) his purpose is at least in part to advance his interest in competing with the other."
>
> *Id.*

This corporate competition exception has also been accepted by a number of Courts, including the First Circuit. *Blue Cross*, 883 F.2d at 1113; *See Olsten*, 761 A.2d at 406. The test, which Plaintiff is here attempting to introduce, is meant to assist the fact finder in determining if interference was justified in situations where the common law is silent. For example, in *Feinstein,* the alleged tortious interference did not occur between competitors, nor was it done for the purpose of advancing the defendant's competitive interest. *Feinstein*, 432 F.Supp.2d at 268. Therefore, the Court turned to Section 767 of the Restatement for guidance. *Id.* In the case at hand, both the Restatement and established common law hold that Coastal was privileged in the activity they allegedly undertook with International.

In its Memorandum, the Plaintiff has cited the recent United States Supreme Court decision *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1967 (2007), but only for the limited proposition that "a well-pleaded complaint may proceed even if it strikes a savvy

judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" However, the Plaintiff fails to address the central issue raised by *Twombley*. In *Twombley* the Supreme Court stated the following:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F. 3rd 247, 251(C.A. 7 1994), a plaintiff's obligation to provide the 'grounds' of its 'entitle[ment] to relief' requires more than labels and conclusions and a formalistic recitation of the elements of a cause of action will not do, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3rd ed. 2004) ('[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action'), on the assumption that all the allegations in the complaint are true (even if doubtful in fact).
>
> *Id.* at 1964-65.

In summary, the Court concluded that it would "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Coastal acknowledges that *Twombley* is an antitrust case. However, many of the considerations which led the Court to its conclusions in *Twombley* apply in a tortious interference with contract case such as is presented by Pascale's Complaint. It is clear from the face of its Complaint that the primary focus of its allegations is upon International Truck. Pascale seeks injunctive relief only against International. It seeks to prevent the termination or modification of its contract with International. It is only International which can agree to an ongoing dealership agreement with Pascale.

Coastal is clearly tangential to all those issues. Its relationship with International is comparable to that of Pascale and, presumably other dealerships in the New England area.

Coastal is a competitor of Pascale as are other dealerships in the New England area. Coastal should not be a part of this litigation unless the Plaintiff can set forth in its Complaint a valid factual basis for its contention that Coastal tortiously interfered with its dealership agreement with International.

Recognizing that Coastal and Pascale are in a competitive relationship, a fact acknowledged by Pascale, it is essential for Pascale to demonstrate in its Complaint that it has a factual basis, other than mere conjecture to establish legal malice on the part of Coastal. It is readily apparent on both the face of the Plaintiff's Complaint and, even the affidavit filed subsequently, that Pascale has no factual basis for such an allegation other than mere conjecture. In fact, Pascale does not even conjecture in the pleadings that Coastal's conduct as it is alleged, was for an improper purpose beyond lawful competition.

Finally, Plaintiff closes his memorandum citing three cases for the proposition that the case should be remanded to state court for purposes of determining the motion to dismiss by the local defendant, and then, and only then should the matter be removed to federal court. The cases that Plaintiff cites for this proposition do not support his conclusions. To the contrary, in all three decisions the federal court retained jurisdiction and while not specifically addressing the improperly joined defendant's motion to dismiss, found fraudulent joinder to be present and removed the improperly joined defendant pursuant to Federal Rule of Civil Procedure 21. *See Lafazia v. Ecolab, Inc.*, 2006 WL 3613771 (D.R.I.2006); *Antonucci v. Cherry Hill Manor*, 2006 WL 2456488 (D.R.I.2006); *Lawrence Builders, Inc. v. Kolodner*, 414 F.Supp.2d 134 (D.R.I.2006).

For all of these reasons, the Plaintiff's Complaint should be dismissed as to Coastal International Truck.

COASTAL INTERNATIONAL TRUCKS, LLC

By Its Attorneys,

/s/ Richard M. Peirce

Richard M. Peirce #0564
ROBERTS, CARROLL, FELDSTEIN &
PEIRCE INC.
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000 FAX 401-521-1328

**CERTIFICATION**

I, Richard M. Peirce, hereby certify that on August 30, 2007 I served the foregoing reply memorandum to plaintiff's objection to defendant Coastal International Truck, LLC's motion to dismiss by causing a true and correct copy of the same to be sent by operation of the Court's ECF System to those individuals designated for electronic service by the ECF System in this case and by fist-class mail to the following:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02906 mark@morselawoffice.com

Stephen T. Arnato, Esq.
Cetrulo & Capone
The Heritage building
321 South Main Street
Providence, RI 02903 sarnato@cetcap.com

Barry S. Pollack, Esq.
Joshua L. Solomon, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109 via First Class Mail

/s/ Richard M. Peirce

Richard M. Peirce