UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PASCALE SERVICE CORP., Plaintiff, | ) | |
| v. | ) | C.A. No. 07-0247-S |
| INTERNATIONAL TRUCK AND ENGINE CORPORATION and COASTAL INTERNATIONAL TRUCKS, LLC, Defendants. | ) | |

**ORDER**

William E. Smith, United States District Judge.

Before this Court is Plaintiff Pascale Service Corporation's ("Pascale" or "Plaintiff") Motion to Remand this action to the Rhode Island Superior Court pursuant to 28 U.S.C. § 1447(c) for lack of diversity. In opposition to this motion, Defendant International Truck and Engine Corporation ("International") asserts that jurisdiction is proper due to the fraudulent joinder of Defendant Coastal International Trucks, LLC ("Coastal"). Not having joined in International's removal petition, Coastal seeks dismissal of the claims against it pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Plaintiff's Motion to Remand is DENIED, and Coastal is hereby dismissed as a party

because it was fraudulently joined to destroy diversity jurisdiction.

I. Background

Plaintiff, a Rhode Island corporation, is a franchised truck parts supply dealer for Defendant International, an Illinois automobile manufacturer. Defendant Coastal is a Warwick, Rhode Island-based competitor in the business of selling International trucks, parts, and supplies.[1] In its Verified Complaint filed in Providence County Superior Court on June 20, 2007, Plaintiff brought claims against Defendant International for violation of the Rhode Island Fair Dealership Act (Count I), tortious interference with contract (Count II), and estoppel (Count III), all stemming from International's attempted termination of the long-standing franchise agreement (the "Agreement") between it and Pascale. In Count IV of the Verified Complaint, Plaintiff asserts tortious interference with contract against Coastal, purportedly for intentionally interfering with the Agreement, but as noted above, describes no facts in support of this count.

[1] The Verified Complaint contains but one factual allegation as to Coastal - namely, its place of business for jurisdictional purposes. The Verified Complaint does not contain any factual allegations as to Coastal's line of business or its relationship to Pascale or International. For the limited purpose of painting a meaningful background to this procedural landscape, this Court assumes accurate the description given of Coastal in Pascale's briefs before the Court.

On June 29, 2007, International removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, alleging the fraudulent joinder of Coastal for purposes of destroying diversity. Soon after, Coastal filed its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure alleging that the factual deficiencies in Pascale's Verified Complaint amount to a failure to set forth a claim upon which relief could be granted.[2] On July 19, 2007, Pascale filed the instant Motion to Remand, admitting that the amount in controversy exceeds $75,000, but arguing that because Coastal is a properly pleaded party to this action, thereby destroying diversity, this Court lacks subject matter jurisdiction over the case.

II. <u>Analysis</u>

Before addressing International's substantive argument as to the alleged fraudulent joinder of non-diverse Defendant Coastal, the Court must determine whether it has jurisdiction to hear this matter. "A civil case, at law or in equity, presenting a controversy between citizens of different states, and involving the requisite jurisdictional amount, may be removed from a state court into a United States District Court by a non-resident defendant."

---

[2] On July 16, 2007, Defendant International filed its own Motion to Dismiss as to Counts I - III pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. That Motion is not before the Court at this time.

Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 4 (D. Mass. 2001); see 28 U.S.C. §§ 1332, 1441, 1446. The removal statutes themselves do not create jurisdiction. Danca v. Private Health Care Systems, Inc., 185 F.3d 1, 4 (1st Cir. 1999). Rather, the removal statutes are strictly construed, "and defendants have the burden of showing the federal court's jurisdiction." Id.

Coastal's Motion to Dismiss, strictly speaking, does not affect this Court's jurisdiction to hear Plaintiff's Motion to Remand.[3] Where misjoinder is evident, Rule 21 of the Federal Rules of Civil Procedure affords the Court jurisdiction to drop a party at its own initiative or on motion of any of the parties. As more fully described below, "a finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant." Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983); Antonucci v. Cherry Hill Manor, No. Civ. A. 06-108ML, 2006 WL 2456488 at *2 (D.R.I. Aug. 22, 2006) (dismissing fraudulently joined defendants pursuant to Rule 21). Thus, should this Court

[3] Despite Plaintiff's apparent argument at the hearing on its Motion to Remand that this Court should decline jurisdiction until after the state court addresses Coastal's Motion to Dismiss, Plaintiff admits in its papers that it "seeks that this Court address this threshold issue of whether the case is properly removed to this Court prior to any determination of Defendants' Motions to Dismiss."

find fraudulent joinder, Coastal will be dropped as a party to the proceedings, and its Motion to Dismiss will be rendered moot.[4]

Moving to the substance of Plaintiff's Motion to Remand, and, correspondingly, International's argument in support of removal, this Court notes that jurisdiction is to be ascertained from the face of the state court complaint triggering removal. Danca, 185 F.3d at 4. On its face, the Verified Complaint in this matter does not lend itself to federal court jurisdiction as both Pascale and Coastal are citizens of Rhode Island. Generally, "a federal court has diversity jurisdiction only when complete diversity exists between the parties, that is, when no plaintiff is a citizen of the same state as any defendant." Lawrence Builders, Inc. v. Kolodner, 414 F. Supp. 2d 134, 137 (D.R.I. 2006); 28 U.S.C. § 1332(a). In this case, however, International asserts that Coastal has been

---

[4] As a practical matter, under similar circumstances, upon a finding of fraudulent joinder and denial of the plaintiff's motion to remand, a court might also grant the fraudulently joined party's motion to dismiss. See Constant v. Wyeth, 352 F. Supp. 2d 847, 854 (M.D. Tenn. 2003) ("Because [the defendant's] Motion to Dismiss and the plaintiff's response to that motion deal with the same issues as the Motion to Remand, this court's rulings on the remand motion are determinative on the issues raised in the Motion to Dismiss. For the reasons expressed herein, [the defendant's] Motion to Dismiss will be granted."). As Rule 21 affords this Court the *sua sponte* right to drop a misjoined party, it is technically unnecessary to address specifically the Motion to Dismiss, although admittedly the result is the same.

fraudulently joined or misjoined, and that Coastal's citizenship should be ignored for diversity purposes.

"It is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove." Pullman Co. v. Jenkins, 305 U.S. 534, 541 (1939). Furthermore, it is well-established that the "right of removal cannot be defeated by a fraudulent joinder of a non-diverse defendant 'having no real connection with the controversy.'" Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 67 (D.R.I. 2002) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)); Mills, 178 F. Supp. 2d at 4. Thus, "once a court has determined that a party has been fraudulently joined, it proceeds to analyze jurisdiction without reference to the fraudulently joined party." Lawrence Builders, 414 F. Supp. 2d at 137.

Fraudulent joinder occurs when a plaintiff's assertion of a claim against a defendant who is a citizen of the same state is done "without any purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the [defendant's] right of removal." Arriaga v. New England Gas Co., 483 F. Supp. 2d 177, 181 (D.R.I. 2007) (quoting Wilson v. Republic Iron & Steel, 257 U.S. 92, 98 (1921)). The burden is on the removing defendant to prove fraudulent joinder "by clear and

convincing evidence," Gabrielle, 210 F. Supp. 2d at 67, though a defendant "need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden." Lawrence Builders, 414 F. Supp. 2d at 137. Rather, the "lynchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact." Gabrielle, 210 F. Supp. 2d at 67. The Court's ultimate task, however, "is to determine whether the plaintiff's claims against the non-diverse defendants have such little prospect of success that their joinder was improper." Arriaga, 483 F. Supp. 2d at 183. Taking the above into consideration, as this Court recently noted in Arriaga, courts differ in the standard to be applied when assessing an allegation of fraudulent joinder. Standards applied under these circumstances "run the gamut from a summary judgment standard in which documents outside the pleadings are considered, . . . to a Rule 12(b)(6) standard that considers whether the complaint, on its face, states a claim upon which relief may be granted, . . . to whether there is a reasonable possibility that the plaintiff has asserted a valid claim." Id. at 185. As noted in Arriaga, the extent to which a court may "pierce the pleadings,"[5] typically is limited to

---

[5] Although Plaintiff has requested an evidentiary hearing in its remand papers, this Court finds that to be both unnecessary and unwarranted. Under circumstances "[w]here it is alleged that the plaintiff fraudulently misrepresented or omitted jurisdictional

"information indicating that the plaintiff 'has misstated or omitted discrete facts that would determine the propriety of joinder,'" or that establish facts supporting joinder rather than resolving the merits of the claim. Id. (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) cert. denied, 544 U.S. 992 (2005)).

In this case, International argues that the complete lack of factual support for Plaintiff's legal claims against Coastal renders joinder fraudulent. Indeed, despite asserting facts relative to itself, International, and the relationship between the two entities, the sole factual allegation relating to Coastal in Plaintiff's Verified Complaint relates to its citizenship.[6] Although Plaintiff does assert the necessary legal elements of tortious interference as against Coastal, the Verified Complaint is devoid of facts supporting that claim.[7] As recently clarified by

---

facts such as the citizenship of the parties or the amount in controversy, an evidentiary hearing may be required." Arriaga, 483 F. Supp. 2d at 185. Such is not the case here.

[6] The sole factual allegation as to Defendant Coastal is as follows: "Defendant Coastal International Trucks, LLC. (hereinafter Coastal) is a corporation organized and existing in accordance with the laws of the State of Rhode Island with a principal place of business in Warwick, Rhode Island."

[7] As required under Rhode Island law, Plaintiff has asserted that Coastal (1) knew of the existence of a contract between Pascale and International, (2) intentionally and without legitimate cause, business purpose, or privilege, interfered with said

the United States Supreme Court, a plaintiff's obligation "to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must do more than "create[] a suspicion [of] a legally cognizable right of action." Id. at 1965.

Although a plaintiff must set forth a legal basis for his claims, the "complaint must allege facts that establish all of the elements of the claim asserted." DM Research, Inc. v. College of Am. Pathologists, 2 F. Supp. 2d 226, 228 (D.R.I. 1998) (emphasis in original). "Bald assertions, subjective characterizations and legal conclusions are insufficient." Id. Simply put, "a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965.

While acknowledging that the above standard has been established in reference to Rule 12(b)(6) motions to dismiss, it is equally applicable here. As this Court noted in Arriaga, some courts apply a pure Rule 12(b)(6) standard to assertions of

---

contract, and (3) that Pascale suffered damages as a result. See Belliveau Building Corp. v. O'Coin, 763 A.2d 622, 627 (R.I. 2000) (setting forth the elements necessary to establish a prima facie case of tortious interference); Alfieri v. Koelle, No. 06-510-ML, 2007 WL 966745 at * 7 (D.R.I. March 29, 2007).

fraudulent joinder. 483 F. Supp. 2d at 185. Although Rule 12(b)(6) focuses on matters asserted on the face of the complaint and does not consider evidence outside of the pleadings, a court may, for jurisdictional purposes, "examine affidavits of the parties in determining the propriety of joinder." Mills, 178 F. Supp. 2d at *6. In this case, even application of a generously modified 12(b)(6) standard reveals a dearth of facts sufficient to maintain Plaintiff's claims against Coastal.

To supplement the lackluster factual content in the Verified Complaint, Plaintiff has supplied this Court with the affidavit of James Pascale, President and Chief Operating Officer of Plaintiff corporation. Yet, the additional facts alleged do little to bolster the viability of Plaintiff's claims against Coastal. Instead, the Pascale affidavit merely alleges a series of meetings between Coastal and International some time in December 2006, at which Coastal allegedly encouraged termination of the Agreement, as well as the factually-devoid assertion of Mr. Pascale that he "believe[s] that Coastal began to put pressure on International to terminate its relationship with Pascale" shortly after it began operating in 1995.

While this Court is conscious that jurisdictional inquiries do not involve adjudication of the merits of a case, and instead focus on "whether it is reasonable to expect that the plaintiff may

succeed on its claim," it is important to point out that tortious interference with contract, particularly where the parties are competitors with each other, involves a fact intensive inquiry. Arriaga, 483 F. Supp. 2d at 183. Even considering the facts alleged in the Pascale affidavit, Plaintiff has not set forth any affirmative acts of interference on Coastal's part linking it to the April 9, 2007 attempted termination of the Agreement by International. See Copley Distribs, Inc. v. Anheuser-Busch, Inc., No. PB 07-0703, at 7 (R.I. Super. Ct. June 12, 2006).

Assuming as true some act of interference, however, determination of whether interference was improper or justified "'depends upon a judgment and choice of values in each situation' and necessitates weighing seven factors enumerated in the Restatement (Second) Torts § 767." Feinstein v. Brown, 432 F. Supp. 2d 258, 268 (D.R.I. 2006) (quoting Belliveau, 763 A.2d at 628 n.3). In this case, the hurdle is even higher, considering the apparently competitive status of Pascale and Coastal. "Conduct in furtherance of business competition is generally held to justify interference with others' contracts, so long as the conduct involves neither 'wrongful means' nor 'unlawful restraint of trade.'" Ocean State Physicians Health Plan, Inc. v. Blue Cross & Blue Shield of R. I., 883 F.2d 1101, 1113 (1st Cir. 1989). As the Verified Complaint and the Pascale Affidavit fail to allege any

facts even remotely supportive of such wrongful or unlawful conduct, this Court finds there to be no reasonable expectation of success on Plaintiff's claim against Coastal.

III. Conclusion

Based on the limited facts pleaded in the Verified Complaint and supplemented for purposes of the Motion to Remand, this Court finds that Coastal's joinder to the instant action lacks reasonable basis in fact and law sufficient to defeat diversity jurisdiction. Having been fraudulently joined, Coastal is hereby dismissed from the instant action. Consequently, this Court finds, and the parties do not dispute, that complete diversity exists, the requisite jurisdictional amount has been pleaded, and this Court has jurisdiction to hear the case. Accordingly, Plaintiff's Motion to Remand is DENIED.

It is so ordered.

WESmith

William E. Smith
United States District Judge
Date: 9/28/07