UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PASCALE SERVICE CORP.,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL TRUCK AND ENGINE CORPORATION and COASTAL INTERNATIONAL TRUCKS, LLC,<br><br>Defendants. | Civil Action No. 1:07-cv-00247-S-DLM |

**DEFENDANT INTERNATIONAL TRUCK AND ENGINE CORPORATION'S AMENDED ANSWER**

Defendant International Truck and Engine Corporation ("ITEC"), by its attorneys, answers the allegations contained in each numbered paragraph of the complaint filed by plaintiff Pascale Service Corp. ("Pascale") on June 20, 2007.

1. ITEC lacks sufficient information to admit or deny the allegations in paragraph 1.

2. ITEC admits that it is a corporation organized under the laws of the state of Delaware, with its principal place of business in Warrenville, Illinois, and that it is in the business of manufacturing and selling trucks and truck parts. ITEC denies the remainder of the allegations in paragraph 2.

3. ITEC states that the allegations in paragraph 3 contain conclusions of law to which no response is required.

4. ITEC lacks sufficient information to admit or deny the allegations in paragraph 4.

5. ITEC admits that it entered into a contract with Pascale on or about August 21, 1972. ITEC further states that the document referenced in paragraph 5 speaks for itself, and ITEC refers to that document for the content thereof. By way of further answer, ITEC states that the allegations in paragraph 5 contain conclusions of law to which no response is required.

6. ITEC admits that on or about April 9, 2007, ITEC sent a termination letter to Pascale. By way of further answer, ITEC states that the remaining allegations in paragraph 6 contain conclusions of law to which no response is required. To the extent that the remaining allegations in paragraph 6 are deemed to contain factual allegations to which a response is required, ITEC denies such allegations.

**COUNT I**

7. ITEC states that the allegations in paragraph 7 contain conclusions of law to which no response is required. To the extent that paragraph 7 is deemed to contain factual allegations to which a response is required, ITEC denies such allegations.

8. ITEC states that the allegations in paragraph 8 contain conclusions of law to which no response is required. To the extent that paragraph 8 is deemed to contain factual allegations to which a response is required, ITEC denies such allegations.

**COUNT II**

9. ITEC states that the allegations in paragraph 9 contain conclusions of law to which no response is required. To the extent that paragraph 9 is deemed to contain factual allegations to which a response is required, ITEC denies such allegations.

10. ITEC admits that Pascale has ordered parts from ITEC. ITEC lacks sufficient information to admit or deny the remaining allegations in paragraph 10.

11. ITEC lacks sufficient information to admit or deny the allegations in paragraph 11. By way of further answer, ITEC states that the allegations in paragraph 11 contain conclusions of law to which no response is required.

12. ITEC is unable to respond to the allegations in paragraph 12 as they are vague, ambiguous, and unintelligible. To the extent a response is required, ITEC denies the allegations of paragraph 12.

13. ITEC states that the allegations in paragraph 13 contain conclusions of law to which no response is required. To the extent that paragraph 13 is deemed to contain factual allegations to which a response is required, ITEC denies such allegations.

14. ITEC states that the allegations in paragraph 14 contain conclusions of law to which no response is required. To the extent that paragraph 14 is deemed to contain factual allegations to which a response is required, ITEC denies such allegations.

15. ITEC states that the allegations in paragraph 15 contain conclusions of law to which no response is required. To the extent that paragraph 15 is deemed to contain factual allegations to which a response is required, ITEC denies such allegations.

16. ITEC is unable to respond to the allegations in paragraph 16 as they are vague, ambiguous, and unintelligible. To the extent a response is required, ITEC denies the allegations of paragraph 16.

**COUNT III**

17. ITEC admits that at certain times since 1959 it has represented that Pascale was an ITEC dealer. By way of further response, ITEC states that the remainder of paragraph 17 contains allegations that are vague, ambiguous, and unintelligible to which ITEC is unable to

respond. To the extent a response is required, ITEC denies the remaining allegations of paragraph 17.

18. ITEC lacks sufficient information to admit or deny the allegations in paragraph 18.

19. ITEC hereby repeats its responses above to paragraphs 11-15.

20. ITEC states that the allegations in paragraph 20 contain conclusions of law to which no response is required. To the extent that paragraph 20 is deemed to contain factual allegations to which a response is required, ITEC denies such allegations.

21. ITEC states that the allegations in paragraph 21 contain conclusions of law to which no response is required. To the extent that paragraph 21 is deemed to contain factual allegations to which a response is required, ITEC denies such allegations.

**COUNT IV**

22. ITEC lacks sufficient information to admit or deny the allegations in paragraph 22, except that to the extent that the allegations in paragraph 22 concern the relationship between ITEC and Pascale, ITEC states that those allegations contain conclusions of law to which no response is required.

23. ITEC states that the allegations in paragraph 23 contain conclusions of law to which no response is required. To the extent that paragraph 23 is deemed to contain factual allegations to which a response is required, ITEC denies such allegations.

24. ITEC states that the allegations in paragraph 24 contain conclusions of law to which no response is required. To the extent that paragraph 24 is deemed to contain factual allegations to which a response is required, ITEC denies such allegations.

25. ITEC states that the allegations in paragraph 25 contain conclusions of law to which no response is required. To the extent that paragraph 25 is deemed to contain factual allegations to which a response is required, ITEC denies such allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Pascale is estopped by its conduct from any recovery or relief against ITEC.

### Second Affirmative Defense

Pascale's claims are barred because of Pascale's prior breach of, and failure to perform under, the agreement between Pascale and ITEC.

### Third Affirmative Defense

Pascale's claims are barred because Pascale has failed to mitigate its damages, if any.

### Fourth Affirmative Defense

Pascale's claims are barred by the applicable statute of limitations.

### Fifth Affirmative Defense

Pascale's claims are barred because ITEC has satisfied any and all obligations and duties owed to Pascale.

### Sixth Affirmative Defense

Even if it could establish liability on any claim, Pascale would be unable to recover thereon, due to its inability to quantify any damages with the requisite certainty.

### Seventh Affirmative Defense

Even if it could establish liability on any of its equitable claims, Pascale's requests for equitable relief would be barred due to the adequacy of relief at law.

### Eighth Affirmative Defense

Pascale's claims are barred by ITEC's prior termination of the parties' agreement.

**Ninth Affirmative Defense**

Pascale's claims are barred by operation of the doctrine of unclean hands.

**Tenth Affirmative Defense**

Pascale's claims fail to state a claim upon which relief can be granted for, among others, the reasons provided in ITEC's motion to dismiss.

**Eleventh Affirmative Defense**

Pascale's claims are barred by the contracts clauses of the Rhode Island and United States Constitutions.

**Twelfth Affirmative Defense**

Pascale's claims fail because all of ITEC's actions were privileged and/or taken for good cause.

**Thirteenth Affirmative Defense**

Pascale's claims are barred by the doctrine of laches.

**Fourteenth Affirmative Defense**

Pascale's claims are barred by its own consent.

WHEREFORE, ITEC prays for dismissal of Pascale's claims or for judgment in ITEC's favor thereon, and for such other relief as is appropriate and just.

Respectfully submitted,

INTERNATIONAL TRUCK AND ENGINE CORPORATION

By its attorneys,

/s/ Carl E. Fumarola

October 11, 2007

Stephen T. Armato, Bar #6395
Carl E. Fumarola, Bar #6980
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
(401) 274-7850
Fax: (401) 274-9670
Email: sarmato@cetcap.com
cfumarola@cetcap.com

Barry S. Pollack (*pro hac vice*)
Joshua L. Solomon (*pro hac vice*)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
Fax: (617) 338-2880

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2007, the foregoing amended answer, filed through the Electronic Cases Filing ("ECF") System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non registered participants.

/s/ Carl E. Fumarola

Carl E. Fumarola