mbmlO/12/07

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PASCALE SERVICE CORP.

VS: CA NO 07-247S

INTERNATIONAL TRUCK AND ENGINE CORPORATION, COASTAL INTERNATIONAL TRUCKS, LLC and IC CORPORATION flkla Amtran Corporation, a division of Navis tar International Transportation Corporation

AMENDED VERIFIED COMPLAINT AND
REQUEST FOR RESTRAINING ORDER
ALLEGATIONS APPLICABLE TO ALL COUNTS

1. Plaintiff is a corporation organized and existing pursuant to the laws of the State of Rhode Island with a principal place of business in Pawtucket, Rhode Island.

2. Defendant International Truck and Engine Corp. hereinafter International) is the operating company of N avistar International Corporation, a corporation organized and existing pursuant to the laws of the State of Delaware with a principal place of business in Warrenville, Illinois, and is in the business of the operation, manufacture, management and sale of motor vehicles through franchises throughout the United States incl uding but not limited to the State of Rhode Island.

3. Defendant International does business in the State of Rhode Island and has sufficient minimum contacts in the State of Rhode Island so as to be subject to its jurisdiction.

4. Defendant Coastal International Trucks, LLC. (hereinafter Coastal) is a corporation organized and existing in accordance with the laws of the State of Rhode Island with a principal place of business in Warwick, Rhode Island. By order of the Court, allegations against Coastal as stated herein have been dismissed.

5. Defendant IC Corporation formerly known as Amtran, Corporation (hereinafter Amtran) is a wholly owned subsidiary of Navis tar International Transport Corporation, an affiliate of Navistar International Corporation, and is a corporation organized and existing pursuant to the laws of the State of Delaware, with a principal place of business in Warrenville, Illinois.

6. On or about August 21, 1972 plaintiff entered into a franchise contract with Defendant International, then doing business as International Harvester whereby, for consideration, Plaintiff agreed to act as a dealer and distributor for Defendants' parts and provide service to Defendant's vehicles. A copy ofthe franchise agreement is attached hereto as **Exhibit 1.**

mbm 10112/07

7. Upon information and belief the franchise contract **(Exh 1)** is the same as that offered by defendant International to its new vehicle dealers except that it is limited to service and replacement parts.

8. On or about September 7, 1994 plaintiff entered into a support dealership contract with Defendant Amtran, then doing business as a division of American Transportation Corporation whereby, for consideration, Plaintiff agreed to act as a dealer and distributor for Defendants' parts and provide service to Defendant's vehicles. A copy of the support dealership agreement is attached hereto as **Exhibit 2.**

9. The Amtran Contract **(Exh** 2) requires Defendant to provide to Plaintiff genuine International maintenance and replacement parts, and access to International proprietary information for use by Plaintiff on International vehicles.

10. On or about April 9, 2007, Defendant International sent a letter to Plaintiff in an attempt to terminate the franchise contract **(Exh. 1)** without providing adequate compensation or consideration for the same.

11. Defendant's attempted termination was unjustified, and without good cause as is defined in the Rhode Island Fair Dealership Act, RIGL §6-50-2( 4).

COUNT I
THE RHODE ISLAND FAIR DEALERSHIP ACT

12. Said proposed termination is an unfair method of competition, is without reasonable cause, and is otherwise in violation ofRIGL §§6-50-1 et. seq.

13. Said proposed termination is arbitrary, in bad faith and unconscionable in that it is an attempt by Defendant International to resort to an action prejudicial to the Plaintiff by threatening to cancel its franchise contract without just cause in violation of RIGL §6-50- 4.

14. Violation of The Rhode Island Fair Dealership Act is presumed to constitute irreparable harm providing grounds for injunctive relief as per RIGL §6-50-8.

WHEREFORE, Plaintiff prays for the following relief:

a. that a preliminary injunction issue until such time as a permanent injunction can issue, and at that time a permanent injunction issue preventing the Defendant from terminating the dealership;

b. that the Plaintiff be awarded damages as set forth in RIGL §6-50-7 including reasonable attorneys fees, costs, compensatory damages, punitive damages, and other such relief as this Court deems meet and just.

COUNT II
BREACH OF CONTRACT: AMTRAN CONTRACT

15. Defendant Amtran is bound by the terms of its contract with Plaintiff to provide Plaintiff with genuine maintenance parts for use on Company products. (Exh 2 para 5).

16. Genuine maintenance parts as defined per the terms of the contract are International parts.

17. Deliveries and shipment of parts pursuant to the contract are to be through the Defendant Amtran's Conway, Arkansas plant, "or from other sources as authorized by Company." (Exh 2 para 3C),

18. Terms and invoicing pursuant to the contract are to be as provided in the Agreement, or "by policy letters or bulletins published by the Company from time to time." (Exb 2 para 3F).

19. By Company Bulletin issued July 20,1999 and made effective August 2, 1999 "International Parts Business Center will assume sales and distribution responsibility for all AmTran service parts previously handled by AmTran at Conway, AR" A copy of the Bulletin is attached as **Exhibit 3.**

20. By Company Bulletin issued August 13, 1999 and made effective August 2, 1999 "all International service parts polcies currently in effect now apply on this product line, and you may place orders in the same way as you do for all International support products." A copy of the Bulletin is attached as **Exhibit 4.**

21. Pursuant to the terms of the Amtran contract, Defendant Amtran may terminate the Agreement only with thirty (30) days notice to Plaintiff, and only for good cause as defined pursuant to the terms of the Contract. (Exh 2 para 8).

22. Defendant Amtran is in anticipatory breach of its contract with Plaintiff since if the purported termination by Defendant International is given effect, it will prevent Amtran from fulfilling its obligations to Plaintiff pursuant to the terms of the Contract. (Exh 2).

23. Said purported termination is without sufficient notice, and without "good cause" as defined by the terms of the aforesaid contract.

24. Prior to notice of termination, Plaintiff entered into contracts to provide Defendant's "genuine parts" for vehicles owned by the RI Public Transit Authority. Compliance with the terms of this contract requires that Plaintiff have access to Defendant's parts.

mbm 10/12/07

25. Defendant's parts will not be available to Plaintifffollowing the termination of the franchise.

26. The termination of Defendant's contract will cause irreparable harm to Plaintiff in that it will cause Plaintiff to be in breach of contracts with its customers, including the RI Public Transit Authority, and will cause a loss of good will that Plaintiff has developed over a 47 year period of operations.

27. Plaintiff will further be irreparably harmed ifthe contract is deemed terminated since as of April 9, 2007 approximately 65% of Plaintiffs income is derived from International service parts work. If the termination is deemed effective, over one half of Plaintiffs workforce is expected to be laid off. A significant portion of inventory, equipment, building space, and operating systems will be rendered obsolete. Future economic losses would total millions of dollars.

WHEREFORE, Plaintiff prays for the following relief:

a. That a preliminary injunction issue until such time as a permanent injunction can issue, and at that time a permanent injunction issue preventing the Defendant from terminating the dealership;

b. that the Plaintiff be awarded compensatory damages; and

c. reasonable attorneys fees, costs, punitive damages, and other such relief as this Court deems meet and just.

COUNT III
TORTIOUS INTERFERENCE WITH CONTRACT:COASTAL
(This Count was Dismissed by Order ofthe Court)

28. Defendant Coastal knew of the existence of the contract between Plaintiff and Defendant International whereby Plaintiff was to be a franchised dealer of Defendant International parts.

29. Notwithstanding its knowledge of the same, Defendant Coastal intentionally interfered with the contractual relationship established between Plaintiff and Defendant International. Said interference was without legitimate cause or business purpose and was otherwise unprivileged.

30. As a result Plaintiff will sustain damages, a loss of good will to its business, a loss of profits, and shall otherwise incur damages.

WHEREFORE, Plaintiff prays for the following relief:

a. that the Plaintiff be awarded compensatory damages; and

mbmlO/12/07

b. reasonable attorneys fees, costs, punitive damages, and other such relief as this Court deems meet and just.

Plaintiff demands a trial by jury and designates Mark B. Morse as trial counsel.

I, James Pascale, President of Pascale Service Corporation attests to my authority to act on behalf of the Corporation. I have read the averments contained herein, have personal knowledge of the same, and swear to the **truth** of the same.

James Pascale, President
PASCALE SERVICE CORPORATION

Subscribed and sworn to in the presence of a Notary Public this \ l day of October, 2007.

NOTARY PUBLIC

PLAINTIFF
By its Attorneys
Law Office of Mark B. Morse

MARK B. MORSE
RI Bar Reg No 3003
III Wayland Avenue
Providence, RI 02906
(401) 831-0555
(fax) 401-273-0937
email: mark@morselawoffice.com