UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PASCALE SERVICE CORP.

VS: CA NO 07-247S

INTERNATIONAL TRUCK AND ENGINE CORPORATION and COASTAL INTERNATIONAL TRUCKS, LLC

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND COMPLAINT AND ADD PARTY DEFENDANT**

Fed. Rule Civ. P 15 provides in pertinent part: " (a) A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may so amend it at any time within 20 days after it has been served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

The case at bar was filed on June 20, 2007 in state court, and on June 29, 2007 removed to this Honorable Court. Plaintiff's original claims involved a violation of the recently enacted Rhode Island Fair Dealership Act, RIGL §6-50-1 effective June 14, 2007 as against International Truck and Engine Corp. (International), and a claim against its franchised dealer, Coastal International Company, LLC (Coastal). The claim against Coastal was dismissed by order of the Court of October 1, 2007.

The Amended Complaint adds a party defendant that is affiliated with defendant; International. Both International and the added party defendant, IC Corp. (Amtran) are wholly owned subsidiaries of Navistar International Corp. International is described in the Navistar website as its "operating company" while Amtran is described as "an affiliate" of Navistar.

The count against Amtran is based upon a dealer support contract whereby Pascale is an authorized parts service dealer for its Amtran parts. **See Exh 2 to Plaintiff's Proposed Amended Complaint**. Amtran parts are now provided through International. Fulfillment of the contract by Amtran is accomplished through the International parts system. **See Exh 4 to Plaintiff's Proposed Amended Complaint.**

The Amtran contract, having been so integrated into the International contract, was not even discovered by Plaintiff until September 2007. Amtran supplies and service have always been, and remain to this day a significant piece of the International relationship with Pascale.

The Amtran contract will be breached if the contract between International and Pascale is terminated. Amtran cannot fulfill its contract with Pascale without use of the International parts system.

Claims against Amtran arise from the same set of circumstances as those involving the International contract. Inclusion of Amtran as party defendant meets the

criteria of Fed. R. Civ. P 19 providing for joinder of persons needed for just adjudication of a claim. Rule 19 (a) provides:

> Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

In this case Amtran is subject to the jurisdiction of the court, and its inclusion will not deprive the court of its jurisdiction over the subject matter, since there will still be complete diversity between the plaintiff and the defendants (in the absence of Coastal). Furthermore, complete relief cannot be afforded without Amtran since the actions of International will result in a breach of the Amtran contract.

Adding Amtran as a party defendant will fulfill the purposes of Rule 19. Rule 19 is meant to serve many related policies, including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them. *Provident Tradesmens Bank*

*& Trust Co. v. Patterson*, 390 U.S. 102, 108-110, (1968); Acton *Co., Inc. of Mass. v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir.1982).

Under Rule 15 amendments should be freely given when justice so requires. In this case, the additional party is necessary for the Court to render complete relief. Accordingly, plaintiff respectfully requests that his motion to amend be allowed in the form and manner presented.

PLAINTIFF,
By its Attorneys
Law Office of Mark B. Morse

/s/ Mark B. Morse

MARK B. MORSE, ESQ.
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

**CERTIFICATION**

I certify that a true copy of the same was transmitted through the ECF filing system and that notice of the same is provided through ECF to the attorneys of record as follows:

Carl E. Fumarola, Esq.
Stephen T. Amato, Esq
Cetrullo & Capone LLP
321 South Main Street
Providence, RI 02903

Barry Pollack, Esq.
Joshua L. Solomon, Esq.
Sullivan & Worcester
1 Post Office Square
Boston, MA 02109

Richard Peirce, Esq.
Roberts Carroll Feldstein & Peirce, Inc.
10 Weybosset Street, 8th floor
Providence, RI 02903

October 14, 2007

/s/ Mark B. Morse