UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PASCALE SERVICE CORP.,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL TRUCK AND ENGINE CORPORATION and COASTAL INTERNATIONAL TRUCKS, LLC,<br><br>Defendants. | Civil Action No. 1:07-cv-00247-S-DLM |

**SUPPLEMENTAL CERTIFICATION OF STEVEN MROCZKOWSKI IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

I, Steven Mroczkowski, do hereby state under the pains and penalties of perjury:

1. I am an employee of International Truck and Engine Corporation, and I make this Certification of my own personal knowledge, unless indicated otherwise, in opposition to the motion for a preliminary injunction by Plaintiff Pascale Service Corp. (the "Plaintiff").

2. At relevant times prior to May 10, 2007, the Plaintiff has been a party to a parts purchase agreement with ITEC. On more than one occasion in the distant past, the Plaintiff has rejected opportunities to enter into a full dealership agreement with ITEC.

3. Part of my responsibilities at ITEC has been to review the performance of the Plaintiff.

4. Since in or about 2002, the Plaintiff has missed its parts purchase quota by an average of approximately or more than 10% per year, or approximately or more than $200,000 annually.

5. By missing its quotas, the Plaintiff has caused and continues to cause ITEC to suffer significant lost profits.

6. At all relevant times, Paragraph 11 of the written agreement between ITEC and the Plaintiff made the relationship terminable at will. Paragraph 11 states in pertinent part: "Either party may terminate this agreement at any time without cause by giving written notice to the other party, specifying the effective date of termination."

7. On or about April 9, 2007, ITEC sent a termination letter to the Plaintiff specifying May 10, 2007 as the effective date of termination. ITEC did not extend the parties' "contract" beyond May 10, 2007. Rather, an accommodation was made at the Plaintiff's request to permit the completion of pending work. The Plaintiff filed this action before ITEC took the practical steps to implement the termination.

8. Coastal did not cause ITEC's termination of its relationship with the Plaintiff. The Plaintiff's poor performance caused the termination.

9. Most of the truck parts that ITEC sells through its parts dealers, including Pascale, are after-market parts that remain available to Pascale and its customers, from sources other than ITEC and its dealers.

The foregoing is true and correct to the best of my knowledge, subject to the pains and penalties of perjury.

Dated: November 2, 2007

Steven Mroczkowski