UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PASCALE SERVICE CORP.

VS: CA NO 07-247S

INTERNATIONAL TRUCK AND ENGINE CORPORATION and COASTAL INTERNATIONAL TRUCKS, LLC

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND COMPLAINT AND ADD PARTY DEFENDANT**

## BACKGROUND

Consistent with Local Fed. Rule Civ. P 7(b) Plaintiff files this Reply Memorandum to address points raised in response to Defendant's Memorandum in Support of its Objection to Plaintiff's Motion to Amend. The Motion to Amend is scheduled for hearing before the Honorable Magistrate Judge David Martin on November 13, 2007.

The case focuses on the relationship of Plaintiff Pascale Service Corporation (hereinafter Pascale) with Defendants International Truck and Engine Corporation (hereinafter International), and Proposed Defendant IC Corporation f/k/a Amtran Corporation (hereinafter Amtran). Coastal Service Corporation (hereinafter Coastal), a local franchisee was also a named defendant but was dismissed by the Court by order of October 1, 2007.

The dispute was initiated on April 9, 2007 when International sent notice that it was terminating its forty-eight year relationship with Pascale; effective thirty (30) days hence. Through the agreement of the parties, terms of the contract were extended to June 30,

2007, and further continued by agreement through the pendency of Defendant's Motion to Dismiss. Effective June 14, 2007 The Rhode Island Fair Dealership Act, RIGL §6-50-1 *et. seq*. was enacted, providing protection to franchise dealers from termination without cause. Thereafter, Pascale initially filed suit in Rhode Island state court alleging a violation of the Rhode Island fair Dealership Act, and for claims of estoppel and interference with contractual relations as pertaining to International, and for tortious interference of contract as relates to the now dismissed Coastal defendant.

International, with the acquiescence of Coastal removed the case to federal court, and Defendants successfully resisted Plaintiff's attempt to have the case remanded to state court. As a further result, the Court dismissed claims against Coastal.

Plaintiff now seeks to amend its complaint to withdraw claims of tortious interference of contract and estoppel as to International, and to add a party defendant; IC Corporation f/k/a Amtran Corporation (Amtran) based upon a contract executed by Plaintiff and Amtran on September 7, 1994, as attached to Plaintiff's Proposed Amended Complaint.

Not surprisingly, Defendant does not object to Plaintiff withdrawing its claims of estoppel and interference, but does object to the inclusion of IC Corporation as a party defendant. Plaintiff seeks to add IC Corporation (Amtran) as a party defendant based upon an anticipatory breach of its September 7, 1994 contract with Plaintiff. The contract, located by Plaintiff in September 2007, provides that Pascale is to be a support

dealer for Amtran parts for use on buses which body parts were manufactured or assembled by Amtran. The contract requires that Pascale use "genuine" Amtran parts to fulfill its contract.

Sometime after the execution of the contract, Amtran became an "affiliate" of Navistar International; the parent corporation of defendant International. Distribution of Amtran parts were to then be fulfilled through the International parts distribution system. Amtran parts became International parts.

Prior to International's April 7, 2007 attempt to terminate the contract, the issue of Amtran's performance of the contract was never doubted because its terms were fulfilled through the International ordering system. So long as Pascale had access to the International ordering system, terms of the Amtran contract could be fulfilled. Once the International contract became in jeopardy, however, it had the effect of placing the Amtran contract in breach. It is Plaintiff's contention, and the facts support, that fulfillment of the Amtran contract is reliant upon Pascale having access to the International parts ordering system.

**ARGUMENT**

Defendant contends that Plaintiff cannot meet the high burden necessary to establish an anticipatory repudiation of the contract, and that in any event the proposed Amended Complaint contains insufficient facts to support its allegations. Plaintiff admits to the high burden to establish an anticipatory breach of contract as established by Arkansas and

Rhode Island law. *Kellum v. Gray* 590 SW 2d 33, 34 (Ark Ct. App. 1979*); Griffin v. Zapata*, 570 A.2d 659, 662 (RI 1990). Notwithstanding the same, and contrary to Defendant's assertions, Plaintiff has set forth a sufficient factual basis to meet that high burden.

Stripped to the essential facts, Plaintiff alleges that it entered into the Amtran contract with Defendant Amtran on September 7, 1994 which requires that Defendant provide genuine International parts and access to International proprietary information. **Amended Complaint ¶ 8, 9.** Furthermore, should the International contract be terminated, Amtran will be unable to fulfill its commitments per the terms of the contract. **Amended Complaint ¶ 25.**

Defendant argues that Plaintiff fails to suggest that IC (Amtran) is able to perform only if the ITEC (International) contract is in effect, and that Plaintiff's Motion to Amend should be denied since Plaintiff does not suggest that the Amtran and ITEC (International) contracts are inextricably linked. Defendant's allegations may be correct only to the extent that the allegations do not specify that the termination of contract will deny Pascale access to the International proprietary information. That is certainly the link that Plaintiff suggests in this case, as averred in paragraphs 22 and 25 of the Amended Complaint. The link is unmistakable, but to the extent that it should be specified in greater detail, Pascale is prepared to unequivocally state its contention. In addition, contrary to Defendant's assertions, Plaintiff sets forth in great detail, the

information upon which it relies to reach these factual conclusions, as set forth in advisory bulletins issued by the Defendants. **Amended Complaint ¶ 19, 20.**

Defendant next takes up the issue that termination of the International contract does not necessarily lead to termination of the Amtran contract, since there are Amtran dealers that are not International dealers. Defendant points to language in the Advisory Bulletin attached to Plaintiff's proposed amended complaint, Exhibit 4 that states that there were special instructions for "unique" Amtran accounts. Admitting that there may be Amtran dealers who are not International dealers does not resolve the issue of whether there has been an anticipatory breach of the contract. Presumably, and necessarily the Amtran dealers still have access to the International parts distribution system. The real question, which Defendant studiously avoids, is whether Pascale will continue to have access to the International ordering system if the International contact is terminated.

No reasonable assurances have been provided that this access will remain. To the extent there is a deficiency in the proposed amended Complaint failing to address whether reasonable assurances were requested, Pascale avers that, subsequent to the filing of the motion to amend the proposed amended complaint, such reasonable assurances were requested through counsel, and no adequate assurances were offered through defendant. To the extent that further time is needed for Defendant to offer such assurances, Plaintiff would respectfully request that the motion to amend be continued to allow for such a response, and further consideration of the motion take place in view of Defendant's response to the same.

Finally, Defendant avers that Plaintiff did not plead that it was not in breach of the Amtran contract, and that this was a deliberate attempt to avoid averments to the same. To the extent it then is necessary to affirmatively plead said allegation, (which generally is more often raised as an affirmative defense per Fed R. Civ. P. 8), and to the extent there is any ambiguity or vagueness to the allegations that Defendant Amtran's performance of its contract is inextricably linked to Plaintiff's access to the International parts system, Plaintiff would respectfully request further leave to amend its complaint to make crystal clear these contentions. Notwithstanding the same, Plaintiff contends the proposed amended complaint sufficiently addresses these issues.

**CONCLUSION**

Based on the above, and on those arguments raised in Plaintiff's Initial Memorandum in Support of its Motion to Amend, Plaintiff respectfully requests that its Motion to Amend be granted. Alternatively Plaintiff requests that its motion to amend be continued to allow Defendant sufficient time to respond to Plaintiff's request for assurances that it can provide access to its parts ordering system notwithstanding any attempt by International to prevent said access. Alternatively, Plaintiff requests that it be given further leave to amend its complaint to specifically address those deficiencies alleged by the Defendant, and that the Court determines need further clarification.

PLAINTIFF
By its Attorneys
Law Office of Mark B. Morse

/s/ Mark B. Morse
MARK B. MORSE, ESQ.
RI Bar Reg No 3003

111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

**CERTIFICATION**

I certify that a true copy of the same was transmitted through the ECF filing system and that notice of the same is provided through ECF to the attorneys of record as follows:

Carl E. Fumarola, Esq.
Stephen T. Amato, Esq
Cetrullo & Capone LLP
321 South Main Street
Providence, RI 02903

Barry Pollack, Esq.
Joshua L. Solomon, Esq.
Sullivan & Worcester
1 Post Office Square
Boston, MA 02109

Richard Peirce, Esq.
Roberts Carroll Feldstein & Peirce, Inc.
10 Weybosset Street, 8th floor
Providence, RI 02903

November 11, 2007 /s/ Mark B. Morse