UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PASCALE SERVICE CORP., Plaintiff, | : | |
| v. | : | CA 07-247 S |
| INTERNATIONAL TRUCK AND ENGINE CORP. and COASTAL INTERNATIONAL TRUCKS, LLC, Defendants. | : | |

**MEMORANDUM AND ORDER**

**DENYING MOTION TO AMEND**

Before the Court is Plaintiff's Motion to Amend Complaint and Add Party Defendant (Document ("Doc.") #24) ("Motion to Amend" or "Motion"). Defendant International Truck and Engine Corporation ("International") has filed a partial objection to the Motion. See Defendant International Truck and Engine Corporation's Partial Objection to Plaintiff's Motion to Amend (Doc. #29) ("Objection"). A hearing was held on November 13, 2007. For the reasons stated herein, the Motion is denied.

**Background**

Plaintiff Pascale Service Corporation ("Plaintiff" or "Pascale") entered into a franchise contract with International in 1972 (the "1972 Contract"). See Complaint (Doc. #1-2) ¶ 5. On April 9, 2007, International sent Plaintiff a letter announcing its intention to terminate the 1972 Contract. See id. ¶ 6. Plaintiff filed this action on June 20, 2007, in state court, and on June 29, 2007, the matter was removed by International to this Court. See Plaintiff's Memorandum in Support of Its Motion to Amend Complaint and Add Party Defendant ("Plaintiff's Mem.") at 1.

Plaintiff alleges in its Complaint that International's proposed termination of the 1972 Contract violates the recently enacted Rhode Island Fair Dealership Act, R.I. Gen. Laws § 6-50-1 et seq. (Count I). The Complaint also contains counts against International for tortious interference with contract (Count II) and estoppel (Count III), but the proposed amended complaint dispenses with these claims. See Plaintiff's Mem., Attachment ("Att.") (Amended Verified Complaint and Request for Restraining Order) ("Proposed Amended Complaint"). A count of tortious interference with contract (Count IV) against Coastal International Trucks, LLC ("Coastal"), was dismissed by the Court on October 1, 2007. See Docket.

By the instant Motion to Amend, Plaintiff seeks to add a defendant, IC Corporation, formerly known as Amtran Corporation ("IC"), and charge IC with anticipatory breach of contract. According to the Proposed Amended Complaint, in September of 1994 Plaintiff and IC (then Amtran) entered into a support dealership contract (the "1994 Contract") whereby Plaintiff agreed to act as a dealer and distributor for repair parts produced by IC. See Proposed Amended Complaint ¶ 8. In 1999, Plaintiff was notified that International was assuming responsibility for the sale and distribution of these repair parts and that henceforth Plaintiff should order the parts through International. See id. ¶¶ 19-20; see also id., Exhibit ("Ex.") 3 (Policy Change dated July 20, 1999), Ex. 4 (Policy Change dated August 13, 1999). Plaintiff alleges in the Proposed Amended Complaint that IC "is in anticipatory breach of its contract with Plaintiff since if the purported termination by Defendant International is given effect, it will prevent [IC] from fulfilling its obligations to Plaintiff pursuant to the terms of the [1994] Contract." Proposed Amended Complaint ¶ 22. Plaintiff also alleges that International's parent company, non-party Navistar International

Corporation, and IC's parent company, non-party Navistar International Transportation Company, are affiliates. See Proposed Amended Complaint ¶¶ 2, 5.

**Law**

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleadings once as a matter of course before a responsive pleading is served. Otherwise, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc., 156 F.3d 49, 51 (1st Cir. 1998)(quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 at 611 (2d ed. 1990)); see also Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) ("Consent to file amended pleadings 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), unless the amendment would be futile or reward undue delay.").

"In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." Adorno v. Crowley Towing & Transp. Co., 443 F.3d at 126. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007)(alteration in original)(internal quotation marks and citations omitted). "[O]n a motion to dismiss courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1965 (citing Papasan v. Allain, 478 U.S.

265, 286, 106 S.Ct. 2932 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level ...." Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 at 235-236 (3d ed. 2004)(hereinafter "Wright & Miller")). "'The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (quoting Wright & Miller)(alterations in original). However, Rule 12(b)(6) does countenance dismissals based on a judge's disbelief of a complaint's factual allegations. Id. A well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely. Id.

**Discussion**

International objects to the Motion to the extent that it seeks to add IC as a defendant, but does not object to the withdrawal of claims contained in Counts II and III of the Complaint. See Objection at 1. The basis for International's objection is that Plaintiff has failed to state a claim against IC upon which relief can be granted and that this portion of the Motion should be denied as futile. See International Truck and Engine Corporation's Memorandum in Partial Opposition to Plaintiff's Motion to Amend ("Defendant's Mem.") at 4. Specifically, International contends that the Proposed Amended Complaint fails to state a claim for anticipatory repudiation against IC. See id.

International argues that Plaintiff's breach of contract claim against IC is premised on the assertion that IC has committed an anticipatory repudiation of its contract with Plaintiff. See id. The basis for this assertion, according to International, appears to be that International's termination of

its contract with Plaintiff necessarily equates to IC's anticipatory refusal to perform under its contract. See Defendant's Mem. at 4-5. However, International maintains, and the Court agrees, that even if the allegations of the Proposed Amended Complaint are taken as true, there is no basis from which to infer an anticipatory repudiation by IC from International's termination of its 1972 Contract with Plaintiff. See id. at 5. Without such factual allegations, Plaintiff has only pled naked legal conclusions which are insufficient to state a valid cause of action against IC. See Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1964-65 (stating that a plaintiff's obligation to provide the grounds for his entitlement requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do).

Plaintiff acknowledges that the applicable law imposes a high burden on a litigant who wants to establish an anticipatory breach of contract under either Arkansas[1] or Rhode Island law. See Plaintiff's Reply Memorandum in Support of Its Motion to Amend Complaint and Add Party Defendant (Doc. #32) ("Plaintiff's Reply") at 3-4; see also Kellum v. Gray, 590 S.W.2d 33, 34 (Ark. 1979)("To prove an anticipatory repudiation of a contract, one must show a present, positive and unequivocal refusal to perform."); accord Griffin v. Zapata, 570 A.2d 659, 662 (R.I. 1990)("[I]n order to give rise to an anticipatory breach of contract, the defendant's refusal to perform must have been positive and unconditional.")(alteration in original); D'Oliveira v. Rare Hospitality Int'l, Inc., No. P.C. 99-1835, 2003 WL 1223854, at *2, (R.I. Super. Ct. Feb. 13, 2003)("In order to prove the defendant guilty of an anticipatory breach ... the plaintiff was required to prove that the defendant intended to

[1] The 1994 Contract contains a choice of law provision selecting Arkansas law. See Proposed Amended Complaint, Ex. 2 at 6.

repudiate its contractual obligation unqualifiedly, unconditionally and unequivocally."). Notwithstanding this high burden, Plaintiff contends that it has set forth sufficient facts to support a claim of anticipatory breach of contract. See Plaintiff's Reply at 4. The Court is unable to agree. The Proposed Amended Complaint contains no factual allegations which evince a refusal by IC to perform its 1994 Contract with Plaintiff. Certainly, there is nothing alleged therein which permits the Court to find "a present, positive and unequivocal refusal to perform," Kellum, 590 S.W.2d at 34, by IC.

Plaintiff argues that if International is allowed to terminate its contract with Plaintiff, IC will be unable to fulfill its commitment per the terms of the 1994 Contract. See Plaintiff's Reply at 4. The reason for this inability, as the Court understands Plaintiff's argument, is that IC is completely dependant upon International's parts distribution system to receive orders for parts from IC's dealers and to ship those parts to the dealers and that if International ceases to make its distribution system available to Plaintiff, it will be impossible for IC to perform its contractual obligations under the 1994 Contract with Plaintiff. Assuming that the Court has correctly stated Plaintiff's argument, facts supporting it are not pled in the Proposed Amended Complaint. Plaintiff acknowledges that it may not have pled that the 1972 and 1994 contracts are inextricably linked, but contends that the link can be discerned from the allegations contained in paragraphs 22 and 25. See id. Even if the Court were to accept this contention, the Court is not persuaded that Plaintiff's subjective belief that IC will be unable to perform its contractual obligations is by itself sufficient to state a claim for anticipatory repudiation of contract by IC.

Consider, for example, a hypothetical defendant who is

completely dependant upon the supply and distribution system of a third party to fulfill the defendant's contractual obligation to customers. The third party notifies one customer that the system which the customer has used for years to obtain the defendant's product will no longer be available to the customer after a certain date. As a result, it appears to the customer that it will be impossible for the defendant to meet its contractual obligations to that customer. Under Plaintiff's argument, the customer would, at that point, be able to plead a claim for anticipatory repudiation of contractual obligations —— even though the defendant has done nothing to indicate that it does not intend to fulfill its responsibilities and conceivably could be considering alternative means of meeting its contractual obligations to the customer. The Court does not so read the law.

The Court understands that here Plaintiff believes that IC does not intend to do anything to meet its contractual obligations after the International contract is terminated. Indeed, Plaintiff posits that "[t]he real question, which Defendant studiously avoids, is whether Pascale will continue to have access to the International ordering system if the International contract is terminated." Plaintiff's Reply at 5. In fact, Plaintiff's belief that it will be denied such access may not be unfounded. At the hearing, the Court questioned counsel for International (who is also counsel for IC) regarding whether IC would attempt to fulfil its contractual obligation to Plaintiff if International ceases to make its distribution system available to Plaintiff. See Tape of 11/13/07 Hearing. Counsel candidly indicated that IC believed that it had no contractual obligation to Plaintiff (despite Plaintiff's claim to the contrary). Thus, there appears to be no possibility that IC, unlike the hypothetical defendant in the Court's example, will consider whether there is an alternative method of satisfying the

contractual obligation which Plaintiff alleges exists. Nevertheless, the Court is obliged to decide the instant Motion on the basis of what has been pled in the Proposed Amended Complaint, and, applying the applicable law to that pleading, the Court is unable to find that Plaintiff has pled facts supporting a claim of anticipatory breach of contract.

Before concluding, the Court deems it worthwhile to discuss three additional matters. First, International also notes that Plaintiff has not demanded "adequate assurance of due performance ...," Ark. Code. Ann. § 4-2-609(1), from IC, see Defendant's Mem. at 7-8. Arkansas law allows a party to make such a demand in writing if "reasonable grounds for insecurity arise with respect to the performance ...." Ark. Code. Ann. § 4-2-609(1). If the party to whom such request is made fails to provide such adequate assurance, the contract is deemed repudiated. Id. § 4-2-609(4).[2] International argues that the lack of any pled nexus between Plaintiff's contract with IC and International's termination of its contract leaves Plaintiff without any pled "reasonable grounds for insecurity." Defendant's Mem. at 8. International additionally argues that even if the termination of its contract with Plaintiff were sufficient to instill in Plaintiff reasonable insecurity as to IC's performance of the 1994 Contract, Plaintiff has not alleged in its Proposed Amended Complaint that it sought from IC an assurance of performance prior to attempting to bring its proposed claim. See id. Thus, International asserts that Plaintiff cannot save its anticipatory repudiation claim by resorting to a claim of insecurity as to IC's willingness to perform. See id.

Plaintiff's counsel advised the Court at the hearing that he had requested such assurance in a letter to International's

[2] This provision of the Uniform Commercial Code can also be found in R.I. Gen. Laws § 6A-2-609.

counsel (who, as previously stated, is also IC's counsel) and that the reply which he had received did not answer the question he had posed. See Tape of 11/13/07 Hearing. Given that the present record does not include the letter requesting the assurance and the reply which allegedly fails to provide such assurance, the Court declines to consider them in connection with the instant Motion. Accordingly, the Court finds that Plaintiff has not shown that it has "reasonable grounds for insecurity ...," Ark. Code Ann. § 4-2-609(1), and Plaintiff's request to add a claim for anticipatory repudiation of contract against IC may not be granted on such grounds.

Second, International additionally argues that Plaintiff's new claim is futile because the Proposed Amended Complaint fails to allege that all conditions precedent for IC's performance have been satisfied, including Plaintiff's performance of all material obligations that were due at the time of the alleged breach. See Defendant's Mem. at 9. International notes that Plaintiff had various reporting and other obligations under the contract and suggests that Plaintiff could not, consistent with its obligation under Fed. R. Civ. P. 11, allege that it had performed its obligations under the contract. See id. Plaintiff, in its reply brief, appears to indicate that if the Court deems the Proposed Amended Complaint deficient in this (or any other aspect) Plaintiff should be given the opportunity to amend its Proposed Amended Complaint to address such deficiencies. See Plaintiff's Reply at 6. The Court has considered this request and concludes that it is warranted only if International's pending motion to dismiss is denied.[3]

[3] Accordingly, if International's pending motion to dismiss is denied, Plaintiff may file a motion for reconsideration of the portion of this Memorandum and Order which refused to grant it the opportunity to file another Proposed Amended Complaint, correcting the deficiencies noted herein.

Third, separate and apart from the objections raised by International, Plaintiff's Proposed Amended Complaint is problematic in another respect. After identifying the three Defendants on the first page and stating that they will thereafter be referred to as "International," "Coastal," and "Amtran", Proposed Amended Complaint ¶¶ 2, 4, 5, Plaintiff does not adhere to this practice and refers unclearly to "Defendants' parts" id. ¶ 8, "Defendant's vehicles," id., "Defendant," id. ¶ 9, "Defendant's 'genuine parts,'" id. ¶ 24, "Defendant's parts," id. ¶ 25, and "Defendant's contract," id. ¶ 26. In some instances, the Court is unable to determine to which Defendant(s) Plaintiff is referring. This is especially true with regard to the references to "Defendants' parts," id. ¶ 8, and "Defendant's 'genuine parts,'" id. ¶ 24. Accordingly, even as to those portions of the Amended Complaint to which International has not objected, the Court deems it inadvisable to permit the Proposed Amended Complaint to be filed.

**Conclusion**

In summary, Plaintiff's Proposed Amended Complaint, which seeks to add IC as a defendant and a claim against IC for anticipatory breach of contract, fails to state a claim against IC upon which can be granted. According, the Motion to Amend is DENIED as futile.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
November 15, 2007